ELIJAH DAVIS AND ESTER DAVIS v. LOUIS LAWRENCE AND LEONARD LAWRENCE.

(Filed 30 June, 1955.)

1. **Automobiles §§ 14, 18h(2)—**

    Evidence tending to show that the automobile, operated by one defendant and owned by the other, smashed into the rear of a car driven 15 to 20 miles per hour on a straight and level two-way street in a 35 mile speed zone, that no other cars were in sight, together with the admission of defendant driver at the scene to the effect that he was at fault, *is held* sufficient to be submitted to the jury on the issue of negligence.

2. **Automobiles § 24½e—**

    The admission that the car driven by one defendant was registered in the name of the other defendant requires the submission of the issue of agency to the jury, G.S. 20-71.1, and even though defendants offer evidence contradicting the allegations as to agency, such evidence may warrant a peremptory instruction based thereon, but not a judgment of nonsuit.

APPEAL by plaintiffs from *Clifton L. Moore, J.,* November Civil Term, 1954, of DURHAM.

Action commenced 4 March, 1954, growing out of automobile collision that occurred 30 August, 1953.

Plaintiffs alleged that their Mercury car was struck and damaged by a Plymouth car, owned by defendant Leonard Lawrence and operated by defendant Louis Lawrence. Plaintiffs alleged further that the negligence of Louis Lawrence, consisting of (1) unlawful speed, (2) failure to keep a proper lookout, and (3) failure to slow down and avoid striking plaintiffs' car, caused the collision and damaged plaintiffs' car.

Defendants, in separate answers, denied negligence, pleading that the collision was caused solely by negligence of plaintiffs or, in any event, that negligence of plaintiffs contributed thereto.

As to the relationship between the defendants, in respect of the Plymouth car, plaintiffs alleged, and defendants admitted, that "defendant, Leonard Lawrence, was the duly registered owner of the 1939 Plymouth being driven by the defendant, Louis Lawrence, . . ."

Plaintiffs alleged further: "5. That at the time of said collision, said Louis Lawrence was driving said automobile for and on behalf of the defendant, Leonard Lawrence, and within the scope of his employment; that said Leonard Lawrence maintained said automobile for a family purpose, and said Louis Lawrence was a member of said family and a member of the household of said Leonard Lawrence, and at the time of the collision herein described, said Louis Lawrence was driving said automobile for a family purpose and within the scope of the family purposes for which said automobile was owned and maintained by the defendant, Leonard Lawrence." Defendants denied these allegations.

Plaintiff Elijah Davis and Frank Eatman, the driver and passenger, respectively, in the Davis car, were the only witnesses. Their testimony tends to show these facts: The collision occurred about two o'clock in the afternoon. The Davis car had been traveling west on Angier Avenue for some 200-250 yards. It was traveling at a speed of 15-20 miles per hour when overtaken and struck from the rear by the Lawrence car which smashed it "all the way across the trunk." Angier Avenue was a two-way street, straight and level. No other cars were in sight. The collision occurred in a thirty-five mile speed zone.

Plaintiffs' said witnesses testified further, without objection, that immediately after the collision Louis Lawrence asked them "not to call the law," that "he was guilty," that "he was in the wrong," and that he "would have Davis' car fixed."

Plaintiffs proffered, but the court excluded, further testimony of Eatman to the effect that the brakes on the Lawrence car, when tested *after the collision*, were defective.

At the conclusion of plaintiffs' said evidence, the court allowed defendants' motions and entered judgment of involuntary nonsuit as to both defendants. Plaintiffs excepted and appealed, assigning errors.

*Edwards, Sanders & Everett for plaintiffs, appellants.*
*Blackwell M. Brogden for defendants, appellees.*

BOBBITT, J.   As far as the record discloses, plaintiffs' witnesses did not see the Lawrence car before the collision.   Evidence adduced to establish plaintiffs' allegations of negligence is circumstantial.   *Etheridge v. Etheridge*, 222 N.C. 616, 24 S.E. 2d 477.   The sufficiency of such circumstantial evidence, if standing alone, need not be decided; for this testimony is to be considered in the light of Louis Lawrence's admissions at the scene when the cause of the collision was under discussion.   *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196, and cases cited.   When so considered, the evidence, apart from the excluded testimony as to defective brakes, was sufficient in our opinion to warrant submission thereof to the jury on the issue as to the alleged negligence of Louis Lawrence.

Plaintiffs, in paragraph 5 of the complaint, quoted above, allege facts sufficient to make the defendant-owner liable for the conduct of the defendant-operator under the doctrine of *respondeat superior.   Parker v. Underwood*, 239 N.C. 308, 79 S.E. 2d 765.   The admission that defendant Leonard Lawrence was the registered owner of the Plymouth car was sufficient to require submission of the issue of agency to the jury.   G.S. 20-71.1; *Hartley v. Smith*, 239 N.C. 170, 79 S.E. 2d 767; *Jyachosky v. Wensil*, 240 N.C. 217, 81 S.E. 2d 644.   If defendants offer evidence contradicting the allegations as to agency, such evidence may warrant a peremptory instruction based thereon but not a judgment of nonsuit.   *Spencer v. McDowell Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598; *Travis v. Duckworth*, 237 N.C. 471, 75 S.E. 2d 309; *Jyachosky v. Wensil, supra.*

For the reasons stated, the judgment of nonsuit, as to both defendants, is

Reversed.