GEORGE HERBERT SCOTT v. THOMAS W. LEE, t/a LEE'S CASH GROCERY.

(Filed 21 November, 1956.)

**Automobiles § 54f—**

Where the evidence tends to show that at the time of the collision between plaintiff's car and a truck, the truck was actually owned by one

defendant and was being driven at the time by his employee, although the registered title was in the name of a stranger to the action, proof of ownership takes the issue of *respondeat superior* to the jury as to the defendant employer, G.S. 20-71.1(a), and the granting of nonsuit was error.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Mallard, J.,* March Civil Term 1956 of WAKE.

Civil action for damages brought on the principle of *respondeat superior.*

The evidence tends to show these facts: About 5:00 or 6:00 p.m. on 5 July 1954 plaintiff was driving his automobile about 15 miles an hour West on East Lenoir Street in the city of Raleigh, and on his right side of the street, when his automobile was struck violently in the rear by a 1938 Ford truck driven by Sam Walker. In the collision plaintiff received personal injuries, and his automobile was damaged.

On this day Walker was employed by the defendant as a truck driver, and also drove the truck from the defendant's store taking feed to defendant's farm about 5:00 or 6:00 o'clock. The same day Jim O'Neill saw Walker, who was about drunk, come out of the defendant's store, and drive the truck off going out Martin Street. That night policemen came to O'Neill's house, and asked him if he owned the truck. He told them it was in his name, but belonged to the defendant, and that Walker was driving it that day. O'Neill went with the officers to Walker's house, and found him drunk hiding under the bed.

The truck involved in the collision with plaintiff's automobile was registered in the name of Jim O'Neill, a person who can neither read nor write, who was an employee of defendant until 4 or 5 months prior to 5 July 1954. Some months prior to that date a man came to the defendant's store to sell him this truck. Defendant couldn't leave his store, and said to O'Neill: "Jim, run up there to the license department and put it in your name." O'Neill went there with the man selling the truck, and the truck was registered in O'Neill's name. O'Neill never had an operator's license, never drove the truck, never paid a nickel for it, and never owned it. After the collision O'Neill asked defendant three times to take this truck out of his name, and defendant said he didn't have time. Defendant tried to get the truck after the collision from the place where it was stored, and O'Neill told the police not to let him have it until he got it out of his name. Later defendant called O'Neill to his store, and sent a man with him to a Justice of the Peace's office, where it was said the truck was changed out of O'Neill's name. Since the collision the truck has been seen in defendant's parking lot on Martin Street, where he keeps his trucks.

At the close of plaintiff's evidence, the court allowed the defendant's motion for judgment of nonsuit.

From the judgment entered, plaintiff appeals.

*Bunn & Bunn for Plaintiff, Appellant.*
*No counsel for Defendant, Appellee.*

PER CURIAM. Viewing the evidence in the light most favorable to the plaintiff, it tends to show that plaintiff was injured and his automobile damaged by the actionable negligence of Sam Walker, an employee of the defendant, in the operation of a Ford truck owned in fact by the defendant, though the naked legal title of the truck was registered in the name of Jim O'Neill at the defendant's request. G.S. 20-71.1(a) provides "in all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be *prima facie* evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose." Therefore, the evidence, by virtue of the statute, suffices to carry the case to the jury on the question of the legal responsibility of the defendant on the doctrine of *respondeat superior* for the operation of the Ford truck on the occasion of the injury to plaintiff and damage to his automobile. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309; *Caughron v. Walker,* 243 N.C. 153, 90 S.E. 2d 305.

Plaintiff aptly says in his brief: "Plaintiff does not contend that the only inference which can be drawn from the evidence shows the defendant to be the owner of said Ford truck, but to the contrary the plaintiff realizes the evidence and reasonable inferences to be drawn therefrom are in conflict, and therefore the trial judge usurped the province of the jury by refusing to allow them to pass on the issues."

The judgment of nonsuit below is
Reversed.

JOHNSON, J., not sitting.