LOIS WHITESIDE v. MELVIN McCARSON, MINOR, AND ROBERT JOHN-SON, AND M. M. REDDEN, JR., GUARDIAN AD LITEM OF MELVIN McCARSON.

(Filed 23 September, 1959.)

1. **Trial § 36—**

   The form of the issues is within the discretion of the trial court and an exception to an issue submitted will not be sustained if the form of the issue is sufficient to present to the jury all determinative facts in dispute and afford the parties an opportunity to introduce all pertinent evidence and apply it fairly.

2. **Automobiles § 54h—**

   The submission of the issue of *respondeat superior* in the form of whether plaintiff was injured by the negligence of the employer, rather than whether the employee was an agent of the employer and acting within the scope of his agency in operating the automobile, will not be held prejudicial when the court's instructions on the issue clearly and accurately present the liability of the employer under the doctrine of *respondeat superior*.

3. **Automobiles § 54g— Instruction on issue of *respondeat superior* under G.S. 20-71.1 held prejudicial.**

   Where plaintiff relies solely upon G.S. 20-71.1 on the issue of agency and defendants' evidence is to the effect, without contradictions or discrepancies, that the driver of the car at the time of the accident was on a purely personal mission of his own, but defendants' evidence is such as to permit diverse inferences as to whether the driver was using the car with the owner's permission, express or implied, an instruction that if the jury believed all of the evidence to answer the

issue in the negative, without further instructions that if the jury found from all the evidence that the driver was on a purely personal mission of his own they should answer the issue in the negative, must be held prejudicial, since the jury might have found the affirmative upon the issue upon their resolution in favor of plaintiff of the conflict in the evidence as to whether the driver was operating the car with the express or implied permission of the owner.

**4. Automobiles § 54f—**

G.S. 20-71.1 did not change the elements prerequisite to liability under the doctrine of *respondeat superior;* and the injured party is still required to allege and prove that the operator of the car was the agent of the owner and that this relationship existed at the time and in respect of the very transaction out of which the injury arose, the effect of the statute being merely to make proof of ownership of the vehicle alone sufficient to take the case to the jury upon the issue, but not to compel an affirmative finding thereon.

**5. Automobile § 54h— Instruction on issue of respondeat superior under provisions of G.S. 20-71.1.**

Where plaintiff relies solely on the provisions of G.S. 20-71.1 on the issue of *respondeat superior* and introduces no evidence, but defendant introduces evidence tending to show that the driver was on a purely personal mission of his own at the time of the accident, there is no evidence upon which the court may instruct the jury in plaintiff's favor on the issue, and the court's explanation of the rule of evidence prescribed by the statute is sufficient, but as to the defendant's evidence the court is required, even in the absence of a request for special instructions, to give explicit instruction applying defendant's evidence to the issue and charging that if the jury should find the facts to be as defendant's evidence tends to show the issue should be answered in the negative.

**6. Trial § 31b—**

The trial judge is required to apply the law to every factual situation arising on the evidence as to all substantive features of the case, even in the absence of a request for special instructions. G.S. 1-180.

**7. Appeal and Error § 54—**

Where error in the trial relates to a single issue, which is entirely separable from the other issues, the Supreme Court may order a partial new trial confined solely to that issue.

HIGGINS, J., not sitting.

APPEAL by defendant Johnson from *Patton, J.,* May-June Civil Term, 1959, of HENDERSON.

Civil action growing out of an automobile collision that occurred December 18, 1958, about 9:00 p.m. on U. S. Highway 64, near Edneyville, Henderson County, when a 1953 Pontiac, owned by defendant Johnson, then operated by defendant McCarson, struck the right rear

of a 1949 Chevrolet, owned and then operated by plaintiff. Both cars, the Chevrolet in front, were traveling west, towards Hendersonville; and the collision occurred when plaintiff had slowed down and made a partial right turn from the highway into the driveway of her residence.

The pleadings raised, the court submitted and the jury answered five issues, viz.: "1. Was the plaintiff Lois Whitesides injured and her property damaged by the negligence of the defendant Melvin McCarson, as alleged in the Complaint? ANSWER: Yes. 2. Was the plaintiff Lois Whitesides injured and her property damaged by the negligence of the defendant Robert Johnson, as alleged in the Complaint? ANSWER: Yes. 3. Did the plaintiff Lois Whitesides, by her own negligence, contribute to her injury and damage, as alleged in the Answers? ANSWER: No. 4. What amount of damages, if any, is the plaintiff Lois Whitesides entitled to recover for her personal injuries? ANSWER: $9,580.00. 5. What amount, if anything, is the plaintiff Lois Whitesides entitled to recover on account of her property damage? ANSWER: $330.00."

Judgment for plaintiff, in accordance with the verdict, was entered "against the defendants, and each of them," from which *defendant Johnson* appealed.

*M. F. Toms and A. J. Redden for plaintiff, appellee.*

*Harkins, Van Winkle, Walton & Buck and O. E. Starnes, Jr., for defendant Johnson, appellant.*

BOBBITT, J. Plaintiff alleged that, on the occasion of said collision, McCarson was operating Johnson's 1953 Pontiac (1) with Johnson's consent, and (2) as Johnson's agent, servant and employee, for Johnson's use and benefit and within the scope of the agency. Defendants filed separate answers. Johnson denied *all* of plaintiff's said allegations.

Plaintiff offered evidence tending to show the collision was caused by the negligence of McCarson in the respects alleged and Johnson's admission that he was the owner of the 1953 Pontiac. To support the allegations referred to above, plaintiff relied solely on the provisions of G.S. 20-71.1.

Johnson's motion for judgment of nonsuit having been overruled, evidence was first offered by defendant McCarson, to wit, his testimony. (We pass, without discussion, the portion of McCarson's testimony tending to show the collision was caused by the negligence of plaintiff.)

McCarson testified, without objection, that he had borrowed the 1953 Pontiac for use on a date; that, upon arrival at the girl's home, he learned she was at the Edneyville School; that, when he entered the school driveway, the girl was in a car then leaving the school premises; that she asked him to meet her "back in town"; and that he was driving to Hendersonville for this purpose when the collision occurred.

McCarson testified further, on direct examination by his own counsel and on cross-examination by plaintiff's counsel, over objections by counsel for Johnson (Exceptions 10-35, inclusive), in substance, as follows: Minnie Huntsinger lived with the Johnsons. She and Mrs. Johnson, sisters, were aunts of McCarson. McCarson frequently visited and often spent nights in the Johnson home. He and Johnson worked at the same place, to wit, Boyd Pontiac and Cadillac Company. Minnie Huntsinger had the 1953 Pontiac most of the time and kept the keys. McCarson had no car. Often, upon his request, Minnie Huntsinger permitted McCarson to use the 1953 Pontiac. Johnson had seen McCarson drive the 1953 Pontiac on ten or more occasions. He had been present on occasions when Miss Huntsinger gave McCarson permission to use it. He had made no objection to McCarson's use of the 1953 Pontiac. On December 18, 1958, Miss Huntsinger permitted McCarson to borrow and use the 1953 Pontiac in connection with his said date.

Thereafter, evidence was offered by defendant Johnson, to wit, his testimony, his wife's testimony and the testimony of Miss Huntsinger. Their testimony, in substance, was as follows: Johnson's 1953 Pontiac was used principally by Miss Huntsinger in going to and from her place of work. Johnson seldom used the 1953 Pontiac. He owned and used another car. Johnson had knowledge that McCarson had previously used the 1953 Pontiac pursuant to permission granted by Miss Huntsinger. While he said nothing to McCarson concerning McCarson's further use of the 1953 Pontiac, some two or three weeks before the collision Johnson instructed Miss Huntsinger "not to let him have the car in the future." Johnson testified that he did not know McCarson was using the 1953 Pontiac on the night of the collision and that he did not consent to McCarson's use thereof on this occasion. Miss Huntsinger testified that she permitted McCarson to use the 1953 Pontiac on the night of the collision in violation of Johnson's instruction that she should not do so.

Thus, the evidence of both defendants was that McCarson was using the 1953 Pontiac on the night of the collision solely for his own purposes and not on any business or mission for Johnson. The

evidence of the two defendants, if not in direct conflict, was such as to permit diverse inferences and to support diverse findings of fact as to whether McCarson, on the night of the collision, was using the 1953 Pontiac with Johnson's permission, express or implied.

Defendant Johnson excepted (1) to the failure of the court to submit an issue as to whether or not defendant McCarson was acting as agent, servant and employee of defendant Johnson, and (2) to the submission of the second issue.

Plaintiff did not allege that Johnson was negligent in any respect apart from the alleged negligence of McCarson. Hence, an issue relating directly to the *alleged agency* rather than to the *alleged negligence* of Johnson would have more clearly presented to the jury the crux of the case in respect of Johnson's liability, if any, for McCarson's negligence. However, no exact formula is prescribed for the settlement of issues. *Pruett v. Pruett,* 247 N.C. 13, 21, 100 S.E. 2d 296. "Issues submitted are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly." *Winborne, J.* (now C. J.), in *Cherry v. Andrews,* 231 N.C. 261, 56 S.E. 2d 703; *McGowan v. Beach,* 242 N.C. 73, 86 S.E. 2d 763, and cases cited.

The submission of the second issue, in lieu of the requested issue, would not, standing alone, constitute prejudicial error. The court's instructions on the second issue related solely to the liability, if any, of Johnson under the doctrine *respondeat superior.* In so doing, the court properly placed the burden of proof on this issue on plaintiff, explaining fully and accurately, but in general terms, the elements prerequisite to Johnson's liability under the doctrine *respondeat superior;* and thereupon the court instructed the jury, in general terms, as to the legal import of the provisions of G.S. 20-71.1.

Having instructed the jury that, by virtue of G.S. 20-71.1, Johnson's ownership of the 1953 Pontiac constituted *prima facie* evidence, that is, evidence "which would justify you but not compel you to find that McCarson was then and there acting as agent of Johnson within the scope of the agency," the court's final instruction on the second issue, to which defendant Johnson excepted, was as follows: "The burden remains at all times upon the plaintiff, but in this particular case the defendant Johnson has offered evidence and with all the evidence to be considered, the Court instructs you that on this second issue — 'Was the plaintiff Lois Whitesides injured and her property damaged by the negligence of the defendant Robert Johnson, as alleged in the Complaint?' — that if you find the facts to be

as this evidence tends to show, it would be your duty to answer the second issue NO, that is, that Lois Whitesides was not injured and her property damaged by the negligence of the defendant Robert Johnson." Defendant Johnson also excepted to the court's failure to apply the law to the facts relating to the second issue.

No instruction was given to the effect that if McCarson was using Johnson's 1953 Pontiac for his own personal purposes, to wit, on a date with his girl friend, *with or without* Johnson's consent, the jury should answer the second issue, "No." True, Johnson did not request special instructions. The quoted instruction was the only instruction as to the circumstances under which the jury might answer the second issue, "No."

As indicated, the only significant conflict in the testimony related to whether or not McCarson was using the 1953 Pontiac with Johnson's permission, express or implied. We apprehend the quoted instruction, although not so intended, was calculated to cause the jury to answer the second issue, "Yes," if they resolved this conflict against Johnson. Whether McCarson was operating the 1953 Pontiac on the occasion of the collision as Johnson's agent, within the scope of the agency, was the determinative issue. It was the jury's duty to answer the second issue, "No," if they found the facts to be as *Mc-Carson's testimony* tended to show; for, in relation to the crucial question, the testimony of McCarson and of Miss Huntsinger was explicit and in accord *as to the purpose* for which McCarson had borrowed and was using the car. On this point, the testimony of Johnson is silent, his testimony being that he had no knowledge that Mc-Carson had the car.

G.S. 20-71.1 did not change the elements prerequisite to liability under the doctrine *respondeat superior.* To establish liability under this doctrine, the injured plaintiff must allege and prove that the operator was the agent of the owner and that this relationship existed at the time and in respect of the very transaction out of which the injury arose. *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644. As to the necessity for such *pleading: Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767; *Parker v. Underwood,* 239 N.C. 308, 79 S.E. 2d 765; *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462.

G.S. 20-71.1 established a new rule of evidence. In passing from the rule stated in *Carter v. Motor Lines,* 227 N.C. 193, 41 S.E. 2d 586, to the rule prescribed by G.S. 20-71.1, the pendulum swung from one extreme to the other; for, under the statutory rule, proof of ownership alone suffices to take the case to the jury for its determination of the ultimate issue, that is, whether the operator was in fact the

agent of the owner and then and there acting within the scope of his agency. In addition to cases heretofore cited: *Spencer v. Motor Co.,* 236 N.C. 239, 72 S.E. 2d 598; *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309; *Hatcher v. Clayton,* 242 N.C. 450, 88 S.E. 2d 104; *Elliott v. Killian,* 242 N.C. 471, 87 S.E. 2d 903; *Davis v. Lawrence,* 242 N.C. 496, 87 S.E. 2d 915; *Caughron v. Walker,* 243 N.C. 153, 90 S.E. 2d 305; *Brothers v. Jernigan,* 244 N.C. 441, 94 S.E. 2d 316; *Kellogg v. Thomas,* 244 N.C. 722, 94 S.E. 2d 903; *Scott v. Lee,* 245 N.C. 68, 95 S.E. 2d 89.

Our courts are now confronted frequently with automobile cases, such as the present case, where the plaintiff, in order to establish liability of the defendant-owner under the doctrine *respondeat superior,* relies solely on G.S. 20-71.1. In such case, the ultimate issue is for jury determination notwithstanding the only positive evidence tends to show explicitly and clearly that the operator, whether driving with or without the owner's consent, was on a purely personal mission at the time of the collision. This question arises: In such case, is the defendant-owner, absent a special request therefor, entitled to an instruction, *related directly to the evidence in the particular case,* that it is the jury's duty to answer the agency issue, "No," if they find the facts to be as the evidence in behalf of the defendant-owner tends to show? We are of opinion, and so hold, that fairness to the defendant-owner requires that such explicit instruction be given.

When, as here, there is no positive evidence that the operator, on the occasion of the collision, was the owner's agent, then and there acting within the scope of his agency, the evidence affords no basis for an instruction in plaintiff's favor related directly to the evidence in the particular case. As to plaintiff, an explanation of the rule of evidence prescribed by G.S. 20-71.1 must suffice. It is otherwise as to the defendant-owner. In the present case, the positive evidence being that McCarson had borrowed Johnson's car, with or without his consent, solely for use on a mission of his own, to wit, a date with his girl friend, Johnson, absent special request therefor, was entitled to an instruction that if the jury found these to be the facts it would be their duty to answer the second issue, "No."

Under G.S. 1-180, the trial judge is required to relate and apply the law to the variant factual situations having support in the evidence. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323, and cases cited; *Harris v. Greyhound Corp.,* 243 N.C. 346, 351, 90 S.E. 2d 710; *Glenn v. Raleigh,* 246 N.C. 469, 478, 98 S.E. 2d 913; *Brooks v. Honeycutt,* 250 N.C. 179, 108 S.E. 2d 457; *Godwin v. Hinnant,* 250 N.C. 328, 108

S. E. 2d 658. He has ". . . the positive duty of instructing the jury as to the law upon all of the substantial features of the case." *Lewis v. Watson,* 229 N.C. 20, 23, 47 S.E. 2d 484; *Spencer v. Motor Co., supra; Glenn v. Raleigh, supra.* Moreover, in the absence of request for special instructions, a failure to charge the law on the substantive features of the case arising on the evidence is prejudicial error. *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522; *Barnes v. Caulbourne,* 240 N.C. 721, 725, 83 S.E. 2d 898; *McNeill v. McDougald,* 242 N.C. 255, 87 S.E. 2d 502; *Williamson v. Clay,* 243 N.C. 337, 90 S.E. 2d 727.

Candor compels the admission that these well settled rules have been applied with varying degrees of strictness, depending upon all the circumstances of the particular case. Yet, mindful of what *Chief Justice Devin* aptly called "the vigor of the statute" *(Brothers v. Jernigan, supra)*, we think strict adherence to these rules must be required in cases where plaintiff relies on G.S. 20-71.1 as the sole support for his allegations of agency.

In *Travis v. Duckworth, supra,* a new trial was awarded for failure of the trial judge to give a requested peremptory instruction related to the evidence offered in behalf of the defendant-owner.

In *Jyachosky v. Wensil, supra,* and in *Skinner v. Jernigan, ante* 657, the trial judge gave peremptory instructions related directly to the evidence offered in behalf of the defendant-owner.

In *Spencer v. Motor Co., supra,* the plaintiff offered evidence tending to show that the automobile was registered in the name of the corporate defendant and relied on G.S. 20-71.1. In addition to its denial of agency, the corporate defendant denied it was the owner of the automobile when plaintiff was injured. In support of the latter position, it offered documentary evidence tending to show that it had previously sold the automobile to the person who was operating it on the occasion of plaintiff's injury. One of the grounds on which a new trial was awarded (pp. 246-247) was the trial judge's failure, absent special request therefor, "to declare and explain the law arising on the evidence, on the second issue, particularly as it concerns or is addressed to the defendant's documentary evidence, especially the invoice or conditional sales contract, . . ."

The error for which a new trial is awarded relates solely to the second issue. Appellant's assignments of error relating to the first, third, fourth and fifth issues have been fully considered. Suffice to say, we find no error relating thereto sufficient to justify a new trial. Hence, these issues, as against defendant Johnson as well as against defendant McCarson, are determinative of the matters involved therein.

As pointed out by *Walker, J.,* in *Lumber Co. v. Branch,* 158 N.C. 251, 73 S.E. 164, ordinarily this Court will grant a partial new trial "when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication." *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585; *Lieb v. Mayer,* 244 N.C. 613, 94 S.E. 2d 658.

We are mindful that a somewhat different course was followed in *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366. However, we see no greater reason for a retrial of the fourth and fifth issues, which relate to plaintiff's damages, than for a retrial of the first and third issues, which relate to the alleged negligence of McCarson and the alleged contributory negligence of plaintiff. As to all matters embraced by these issues, defendant Johnson has had a trial free from prejudicial error.

The result: As to defendant Johnson, the judgment and the jury's answer to the second issue are set aside and a partial new trial is ordered. Upon such new trial, the sole issue for determination will be whether McCarson, on the occasion of the collision, was the agent of Johnson and then and there acting within the scope of his agency. If the answer is, "No," plaintiff cannot recover from defendant Johnson; but if answered, "Yes," plaintiff will be entitled to judgment for the amount established as plaintiff's damages at the prior trial.

Partial new trial.

HIGGINS, J., not sitting.