CAROLYN SMITH PASSMORE *v.* JOHNNY CARROLL SMITH AND FLOYD
L. CARROLL.
AND
VICKIE LYNN PASSMORE, BY HER NEXT FRIEND, PAUL G. SYLVESTER
*v.* JOHNNY CARROLL SMITH AND FLOYD L. CARROLL.
AND
JOANN HUMPHREY, BY HER NEXT FRIEND, PAUL G. SYLVESTER *v.*
JOHNNY CARROLL SMITH AND FLOYD L. CARROLL.

(Filed 23 March, 1966.)

**1. Trial § 45—**

The action of the court in reducing the amount of damages with the
consent of plaintiffs is not prejudicial to defendants.

**2. Automobiles § 54g—**

One defendant's admission of the ownership of the vehicle driven by the
other requires the submission of the issue of agency to the jury, G.S. 20-
71.1, but when the only positive evidence relating to agency is that offered
by defendants tending to show that the driver was on a purely personal
mission at the time of the collision, the owner is entitled to an instruction
that the jury should answer the issue of agency in the negative if they
should find the facts to be as the positive evidence tends to show, and this
without special request therefor. Whether the driver was using the ve-
hicle with mere consent of the owner is irrelevant to the issue of agency.

**3. Appeal and Error § 54—**

Where there is no prejudicial error relating to the negligence of the
driver of the vehicle and the sole prejudicial error relates to the issue of
agency of the owner, the Supreme Court may grant a partial new trial
on the issue of agency without disturbing the verdict against the driver.

MOORE, J., not sitting.

APPEALS by defendants from *Cowper, J.,* November 15, 1965,
Civil Session of ONSLOW.

These three civil actions grow out of a collision that occurred
December 19, 1964, about 3:35 p.m., in Onslow County, south of
Jacksonville, on U. S. Highway No. 17. Plaintiff Carolyn Smith
Passmore, driving her husband's Rambler station wagon, was ac-
companied by her children, plaintiff JoAnn Humphrey, age 12, and
Vickie Lynn Passmore, age 5. Defendant Johnny Carroll Smith, the
sole occupant, was driving the Ford car of his stepfather, defend-
ant Floyd L. Carroll. Both cars were traveling north. The collision
occurred when Smith was overtaking and attempting to pass the
Rambler station wagon.

In Mrs. Passmore's case, the pleadings raised issues of negli-
gence, agency, contributory negligence and damages. In the case of
each child, the pleadings raised issues of negligence, agency and
damages.

The three cases were consolidated for trial. In each case, the jury answered all issues in plaintiff's favor and awarded damages as follows: In Mrs. Passmore's case, $1,500.00; in JoAnn Humphrey's case, $1,500.00; and in Vickie Lynn Passmore's case, $2,000.00. Judgments were entered against both defendants. In Mrs. Passmore's case, judgment for plaintiff for $1,500.00 was entered. In JoAnn Humphrey's case, judgment for plaintiff for $500.00 was entered. The judgment recites: "And it appearing to the Court that the attorneys for the plaintiff have submitted a Judgment voluntarily reducing the amount of the verdict to $500.00." In Vickie Lynn Passmore's case, judgment for plaintiff for $1,000.00 was entered. The judgment recites: "And it appearing to the Court that the attorneys for the plaintiff have submitted a judgment voluntarily reducing the amount of the verdict to $1,000.00."

Defendants excepted to each judgment and appealed. The three appeals are before us on a consolidated record.

*Ellis, Hooper, Warlick & Waters for plaintiff appellees.*
*Joseph C. Olschner for defendant appellants.*

BOBBITT, J. There was ample evidence to take the case to the jury on all issues raised by the pleadings in the three cases.

Defendants' assignments of error relating to the negligence issues, the contributory negligence issue in Mrs. Passmore's case, and the issues as to damages, do not disclose prejudicial error. While all have been considered, these assignments do not present questions of such nature as to merit particular discussion.

Apparently, plaintiffs' counsel and the court considered the damages awarded each child excessive. The record tends to support that view. Suffice to say, the voluntary reduction of their recoveries as established by the judgments tendered by their counsel was not prejudicial to defendants.

In each case, the second (agency) issue is worded as follows: "2. Was the defendant, Johnny Carroll Smith, operating the automobile owned by the defendant, Floyd L. Carroll, as the agent of Floyd L. Carroll at the time of the collision alleged in the complaint?"

It is alleged in each complaint that, at the time of the collision, Smith was operating the Ford "with the express consent and permission" of Carroll, the owner, and "was acting . . . as agent for . . . Carroll and within the course and scope of his employment and about the business of . . . Carroll." Defendants' denial of these allegations raised the quoted second (agency) issue.

There is neither allegation nor evidence that Smith was Carroll's

agent under the family purpose doctrine. Plaintiffs seek to establish Carroll's liability for Smith's negligence under the doctrine of *respondeat superior*.

By virtue of the provisions of G.S. 20-71.1, Carroll's admitted ownership of the Ford was *prima facie* evidence of Smith's agency and required submission of the second issue. The issue was for jury determination notwithstanding the only positive evidence relating thereto was that offered by defendants tending to show Smith was on a purely personal mission at the time of the collision. In such case, the owner, without request therefor, is entitled to an instruction, *related directly to the evidence in the particular case,* that it is the jury's duty to answer the agency issue, "No," if they find the facts to be as the positive evidence offered by the owner tends to show. *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295; *Chappell v. Dean,* 258 N.C. 412, 417-418, 128 S.E. 2d 830. Compare: *Jyachosky v. Wensil,* 240 N.C. 217, 226-227, 81 S.E. 2d 644; *Skinner v. Jernigan,* 250 N.C. 657, 664-665, 110 S.E. 2d 301.

Uncontradicted evidence offered by defendants tends to show: Smith, age 24, lived in Wilmington, N. C., part of the time and part of the time in the home of his mother and stepfather in Jacksonville, N. C. He had never driven Carroll's car on any prior occasion. Nothing had been said between Smith and Carroll with reference to requesting or granting permission for Smith to drive the car. Carroll was not present when Smith drove the car from the Carroll home and had no knowledge Smith was using the car on this occasion. On the occasion of the collision, Smith was driving the car to the Shelby Variety Store "(t)o lay away some stuff for (his) little boy for Christmas."

Defendants excepted to the court's instructions relating to the second (agency) issue. Included in these instructions is the following: ". . . if . . . Smith was operating the vehicle with consent and authorization of the owner, then the owner would be responsible in damages." Whether the Ford car was being operated by Smith with Carroll's knowledge, consent or authorization is not determinative as to Carroll's liability for Smith's negligence. Under the doctrine of *respondeat superior,* Carroll is liable for Smith's negligence only upon allegation and proof that Smith was the agent of Carroll and that this relationship existed at the time and in respect of the very transaction out of which the injury arose. *Whiteside v. McCarson, supra,* and cases cited.

The court did not instruct the jury it would be their duty to answer the second issue, "No," without regard to whether Smith was operating the Ford car with Carroll's consent, express or implied, if they found that, on the occasion of the collision, Smith was using the

Ford car solely for a mission of his own, namely, going to the Shelby Variety Store "(t)o lay away some stuff for (his) little boy for Christmas." Without request therefor, Carroll was entitled to an instruction to this effect.

Defendants have failed to show error in respect of the negligence issues, the contributory negligence issue in Mrs. Passmore's case, and the issues as to damages. The verdicts, as to these issues, will stand as between each plaintiff and both defendants. The second (agency) issue in each case is set aside on account of the indicated error in the charge. This issue has no bearing upon Smith's liability. It relates solely to Carroll's liability for the negligence of Smith. As to all matters relating to the negligence issues, the contributory negligence issue in Mrs. Passmore's case and the issues as to damages, Carroll has had a trial free from prejudicial error. He is entitled to a partial new trial in each case, that is, a new trial on the agency issue. *Whiteside v. McCarson, supra,* and cases cited.

The result: As to defendant Smith, the trial and judgments are upheld. In each case, as to defendant Carroll, the jury's answer to the second (agency) issue and the judgment are set aside and a partial new trial is ordered. Upon such new trial, the sole issue for determination will be whether Smith, on the occasion of the collision, was the agent of Carroll and then and there acting within the scope of his agency. If the answer is, "No," plaintiffs cannot recover from defendant Carroll; but if answered, "Yes," plaintiffs will be entitled to judgments for the amounts it was adjudged they should recover in their respective judgments against Smith.

As to defendant Smith, no error.

As to defendant Carroll, partial new trial.

MOORE, J., not sitting.