CHARLES S. SCALLON, ADMINISTRATOR OF THE ESTATE OF LARRY ALAN AIKEN v. PHILLIP McINTYRE HOOPER, JANET P. CALDWELL, AND CHARLES KENNETH CALDWELL

No. 8010SC270

(Filed 7 October 1980)

1. Automobiles § 106– driver who is not owner – prima facie evidence of agency – instruction required

Plaintiff in a wrongful death action was entitled to an instruction on G.S. 20-71.1, which essentially provides that proof of ownership of the automobile by one not the driver makes out a prima facie case of agency of the driver for the owner at the time of the driver's negligent act, since it was stipulated that one defendant who was not the driver was the registered owner of the vehicle at the time of the accident, and an instruction on the statute was required even though plaintiff presented no positive evidence that defendant driver was defendant owner's agent.

2. Automobiles § 106– driver as agent of owner – peremptory instruction in favor of owner erroneous

The trial court in a wrongful death action erred in giving a peremptory instruction in favor of defendant automobile owner who was not the driver at the time of the allegedly negligent acts complained of, though plaintiff relied solely on G.S. 20-71.1 and did not offer independent proof of agency, since defense counsel did not present any evidence to rebut plaintiff's prima facie case of agency under the statute, and a stipulation that the female defendant "had the vehicle in her custody and control and the right to exercise all incidents of ownership of the automobile as to its operation" did not exclude the possibility that defendant driver was acting as defendant owner's agent at the time of the collision.

APPEAL by plaintiff from *Hobgood (Hamilton H.), Judge.* Judgment entered 15 October 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 16 September 1980.

Plaintiff brought an action for the wrongful death of intestate caused by the negligent operation of a motor vehicle. A directed verdict was entered in favor of Janet P. Caldwell. On 4 October 1979, the jury returned a verdict for plaintiff against defendant Hooper only. The court ordered a partial new trial on 15 October 1979.

The parties made the following stipulations of undisputed facts in the final pretrial order. Plaintiff's intestate, Larry Aikens, died on 1 July 1976 as a result of injuries he received in an automobile accident. He was twenty-two years old. The collision occurred on 30 June 1976 on Beach Drive in Long Beach. The vehicle operated by plaintiff's intestate was a 1974 Datsun

pickup truck owned by his employer. The vehicle operated by defendant Hooper was a 1975 Pontiac convertible. Hooper was a provisional driver under G.S. 20-13 and seventeen years old at the time. Defendant Charles Caldwell was the registered owner, but defendant Janet Caldwell had the vehicle in her custody and control and the right to exercise all incidents of ownership as to its operation. Neither of the Caldwells was in the car at the time of the accident. After the pretrial stipulations were read in open court, defense counsel further stipulated, in the jury's presence, that defendant Hooper's negligence was the proximate cause of Larry Aiken's death.

Plaintiff's sole evidence was the testimony of William B. Hewitt, a former officer with the Long Beach 'Police Department. Hewitt testified as to Aiken's condition upon his arrival at the scene. Defendants presented no evidence. At the end of plaintiff's evidence, a directed verdict was granted in favor of defendant Janet Caldwell without objection. Defendants also moved for directed verdict in favor of Charles Caldwell on the grounds that "there was no evidence whatsoever that he was negligent" or "that the motor vehicle was being operated for any family purpose or maintained by him." The court overruled the motion.

The court gave a peremptory instruction in favor of defendant Charles Caldwell and did not instruct the jury on the application of G.S. 20-71.1 to the facts of the case. The jury returned a verdict against defendant Hooper and found that he was not acting as the agent of defendant Charles Caldwell at the time of the collision. Plaintiff received an award of $1000.00 for decedent's pain and suffering and $10,000.00 for the present monetary value of decedent. Pursuant to plaintiff's motion under G.S. 1A-1, Rule 59, the court ordered a new trial but only on the issue of damages for the present monetary value of decedent.

*Bailey, Dixon, Wooten, McDonald and Fountain, by Wright T. Dixon, Jr., and Gary S. Parsons, for plaintiff appellant.*

*Ragsdale and Liggett, by George R. Ragsdale and Peter M. Foley, for defendant appellees.*

VAUGHN, Judge.

We shall consider plaintiff's assignments of error concerning the trial court's instructions first. The two basic issues are whether plaintiff was entitled to an instruction on G.S. 20-71.1 and whether a peremptory instruction was properly given in favor of defendant Charles Caldwell. We conclude that the trial court committed error in both regards and order a new trial on the agency issue.

[1] It cannot be questioned that G.S. 20-71.1 was applicable to this case. As explained by the Court in *Duckworth v. Metcalf,* the statute essentially provides that:

> [p]roof of ownership of the automobile by one not the driver makes out a *prima facie* case of agency of the driver for the owner at the time of the driver's negligent act of omission, but it does not compel a verdict against the owner upon the principle of *respondeat superior.*

268 N.C. 340, 343, 150 S.E. 2d 485, 488 (1966). It was stipulated that defendant Charles Caldwell was the registered owner of the vehicle at the time of the accident. Clearly, the judge had a duty to explain the rule of G.S. 20-71.1, even absent a special request by plaintiff, because it was the law arising from the evidence. G.S. 1A-1, Rule 51; Shuford, N.C. Civil Practice and Procedure § 51-3(1975). Moreover, this instruction was required even though plaintiff presented no positive evidence that Hooper was Caldwell's agent. *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295 (1959); *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767 (1954). We note that a model instruction is available as a guide for explaining G.S. 20-71.1 to the jury. N.C.P.I. — Civ. 103.40 (1973).

[2] Nevertheless, the judge gave the following peremptory instruction for defendant:

> Now, we have an issue here which is the first issue which says this: Was the Defendant Phillip McIntyre Hooper, at the time of the collision, acting as the agent of the Defendant Charles Kenneth Caldwell?
>
> As to this issue, members of the jury, which is number one, if the jury finds that on the occasion of the collision on June 30, 1976, that the Defendant Hooper was driving the Defendant Charles Kenneth Caldwell's car at Long Beach

and that the Defendant Hooper was not on a mission or errand of any kind for the Defendant Charles Kenneth Caldwell, as all of the evidence tends to show, it would be your duty to answer issue number one "no."

A peremptory instruction may be given in a proper case. Generally, "[t]his device may be used when there is a sufficient quantum of evidence, all tending to establish one side of an issue, and which, if credible, gives rise as a matter of law to but one permissible inference." 2 McIntosh, N.C. Practice 2d, § 1516, at 42-43 (Supp. 1970). Specifically, it has been held repeatedly that defendant is entitled to a peremptory instruction when plaintiff relies solely on G.S. 20-71.1, and defendant offers uncontradicted evidence on the issue of agency tending to show that the driver was on a purely personal mission or errand at the time of the collision. *Torres v. Smith*, 269 N.C. 546, 153 S.E. 2d 129 (1967); *Passmore v. Smith*, 266 N.C. 717, 147 S.E. 2d 238 (1966); *Nolan v. Boulware*, 21 N.C. App. 347, 204 S.E. 2d 701, *cert. den.*, 285 N.C. 590, 206 S.E. 2d 863 (1974). The case before us does not meet this test.

Plaintiff relied solely on G.S. 20-71.1 and did not offer independent proof of agency. Defense counsel did not present any evidence to rebut plaintiff's prima facie case of agency under the statute. There is no authority that a peremptory instruction may be given in favor of a defendant who offers no evidence whatsoever on the critical issue. Therefore, it was error to instruct the jury that *all* of the evidence tended to show that defendant Hooper was not on a mission for Charles Caldwell. The only evidence that even had this tendency was a pretrial stipulation which provided that "the Defendant Janet P. Caldwell had the vehicle in her custody and control and the right to exercise all incidents of ownership of the automobile as to its operation."

Defendant contends that this stipulation had the effect of negating plaintiff's prima facie case under the statute and thus required plaintiff to come forward with independent proof of agency. We do not agree. It is significant that the stipulation did not say that Janet Caldwell had exclusive custody and control of the car. Moreover, it did not provide that she had all incidents of ownership with respect to the car. It merely stated that she had the right to exercise all incidents of ownership. The stipula-

Scallon v. Hooper

tion did not, therefore, exclude the possibility that Hooper was acting as Charles Caldwell's agent at the time of the collision. We must conclude that this stipulation was not positive, uncontradicted evidence of the lack of agency sufficient to require a peremptory instruction. Giving a peremptory instruction in this case defeated the plain and obvious purpose of G.S. 20-71.1, which is to enable plaintiff to submit a prima facie case of agency to the jury which it can decide to accept or reject. *Chappell v. Dean,* 258 N.C. 412, 128 S.E. 2d 830 (1963); *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309 (1953). A peremptory instruction is warranted only when compelling evidence permitting one reasonable conclusion is presented; otherwise, this procedural device could be used to reduce G.S. 20-71.1 to a meaningless exercise.

Though it is not necessary to our disposition here, we agree with two other contentions made by plaintiff. First, the judge expressed an improper opinion in his opening instructions on what the evidence tended to show on the agency issue when he said that "at the proper time in my charge I will instruct you that on the basis of the evidence that you will answer that issue 'no.'" Such a comment on the evidence is prohibited by G.S. 1A-1, Rule 51(a). The remark was so absolute that a juror may have believed that the judge had already given the correct conclusion. *See* Shuford, N.C. Civil Practice and Procedure § 51-4 (1975). Second, the form of the peremptory instruction was also incorrect. When G.S. 20-71.1 applies to a case, the instruction must relate directly to particular facts shown by defendant's positive evidence. *Belmany v. Overton,* 270 N.C. 400, 154 S.E. 2d 538 (1967); *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295 (1959).

Plaintiff's final assignment of error is that the court erred in denying his motion for a new trial on the ground of inadequate damages for decedent's pain and suffering. We decline to grant a new trial on this issue. The judge's decision on the matter was within his discretion, and we can find no abuse of discretion here. *Robinson v. Taylor,* 257 N.C. 668, 127 S.E. 2d 243 (1962); *Gwaltney v. Keaton,* 29 N.C. App. 91, 223 S.E. 2d 506 (1976). Thus, in addition to the trial court's order of a new trial on damages for decedent's present monetary value, we order a new trial on the agency issue.

New trial.

Judges MARTIN (Robert M.) and WEBB concur.