Stanley, Respondent, vs. Carey and another, Appellants.

*January 12 — February 5, 1895.*

*Attachment: Dissolution: Destruction of property by fire: Damages recoverable by defendant.*

Where the traverse of an affidavit for attachment is sustained on the ground that no cause existed for the attachment, the plaintiff is a wrongdoer *ab initio;* and if the attached property has been destroyed by fire while in the possession of the officer, the plaintiff is liable for its full value, although the loss occurred through no fault of the officer.

Stanley vs. Carey and another.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This was an assessment of damages under sec. 2747, R. S. The plaintiff sued out a writ of attachment against the defendants upon a demand not yet due, and the sheriff seized under the writ a large lot of cranberries and other property belonging to the defendants in a certain warehouse. Four days later the property was entirely destroyed by fire while in the sheriff's possession. The defendants duly traversed the affidavit of attachment, and upon trial the traverse was sustained. The action was then discontinued, and a jury impaneled to assess the defendants' damages, under sec. 2747, R. S. The jury returned a special verdict to the effect that the sheriff levied on 1,644 boxes of cranberries, worth $2.21 a box, and other property worth $314.10, all of which was destroyed by fire; that the fire was not caused by the negligence of the officer; that the defendants' necessary expenses for legal services in procuring dismissal of the writ of attachment were $800. Upon this verdict a judgment for the defendants for $800 and costs was rendered, and the defendants appeal.

For the appellants there was a brief by *Bouck & Hilton* and *John J. Wood, Jr.*, and the cause was argued orally by *Gabe Bouck* and *Mr. Wood.* To the point that the plaintiff, having taken possession of the property wrongfully, assumed the risk for all injuries while so in possession thereof, they cited *Anderson v. Sloane*, 72 Wis. 566; Drake, Attachm. § 175; 2 Suth. Dam. 58; Waples, Attachm. & Garn. (1st ed.), 445, 449; *Christian v. Seeligson*, 63 Tex. 405; *Pettit v. Mercer*, 8 B. Mon. 53; *Churchill v. Abraham*, 22 Ill. 456; *Boatwright v. Stewart*, 37 Ark. 614; *Porter v. Wilson*, 4 Greene, 314; *Young v. Broadbent*, 23 Iowa, 539.

For the respondent there was a brief by *Finch & Barber*, attorneys, and *Perry Niskern*, of counsel, and oral argument by *Mr. Niskern* and *Mr. Charles Barber.* They contended,

*inter alia,* that in any event the plaintiff could not be held to any further liability than any other ordinary bailee of property. *Browning v. Hanford,* 5 Hill, 588; *Cross v. Brown,* 41 N. H. 283; Waples, Attachm. & Garn. 280, and cases in note 2. Secs. 2741, 2747, R. S., providing for damages by reason of any injury to the attached property, must be held to mean any injury to the property caused by reason of the attachment, or caused by reason of any neglect of duty on the part of the sheriff or plaintiff in the care of the attached property. Otherwise the plaintiff is an absolute insurer of it the moment it comes into the hands of the sheriff. *Jenner v. Joliffe,* 9 Johns. 384; *Browning v. Hanford,* 5 Hill, 588; *Jenner v. Joliffe,* 6 Johns. 9.

WINSLOW, J. The plaintiff swore out a writ of attachment, and the sheriff seized the defendants' property thereunder. Four days later the property was burned while in the sheriff's possession, but without his fault. Upon trial of the traverse to the attachment affidavit it was determined that no ground existed for the attachment, and the traverse was sustained. The main action was thereupon discontinued. An assessment of the defendants' damages was had, and the court held that the plaintiff was not liable for the value of the property destroyed by fire while in the hands of the officer. Whether he was so liable is the sole question presented to this court.

Certainly, if the plaintiff is not liable, then the defendants are remediless, because the officer, having acted under a writ valid on its face, was only responsible for due diligence in the care of the property; and, it appearing that the property was destroyed without negligence on his part, he is not responsible for the loss. *Browning v. Hanford,* 5 Hill, 588; *Moore v. Westervelt,* 27 N. Y. 234. Though this is the measure of the officer's liability, it is not necessarily the criterion of the liability of the party suing out the writ. There are

Stanley vs. Carey and another.

many cases where a writ, valid on its face, affords complete protection to the officer executing it, where nevertheless the party may be liable for damages if it be wrongfully sued out.

The measure of damages arising from an attachment which is afterwards dissolved is generally stated to be the injury suffered by the party by being deprived of the use of his property, or its loss, destruction, or deterioration, together with the costs and expenses incurred by him in the defense of the suit. 2 Suth. Dam. (2d ed.), § 512; Drake, Attachm. (2d ed.), § 175; *Meshke v. Van Doren*, 16 Wis. 319. Our statutes on the subject (R. S. secs. 2746, 2747) provide for the assessment of " the damages sustained by the defendant by reason of the taking and detention or sale of the property attached, or by reason of any injury thereto." The statute further provides that if, upon the trial of the issue arising on the traverse, the court find for the defendant, an order shall be entered that the property attached be forthwith delivered to the defendant. The manifest intention of the law is that upon successful traverse the defendant shall have his property returned, and full indemnity for all loss occasioned by its taking and detention. In the present case the property has been destroyed. The sheriff cannot return it, and is not responsible for its value; and the question is, Has the defendants' right to their property been thus entirely defeated? or, in other words, Is it a case of *damnum absque injuria?*

It is, of course, very certain that, had the plaintiff directed the sheriff without any writ to seize and hold the defendants' property, he would have been liable for its return, or in default thereof for its full value, from the moment of its seizure. The plaintiff did, in effect, direct the officer to seize the property when he caused the writ of attachment to be issued. It follows logically that if the plaintiff be protected from the legal consequences of his act it must be

by virtue of the writ of attachment, and this in fact is the plaintiff's contention. But this is surely an anomaly. It has been conclusively determined that there was no fact existing for the attachment. It is true a sufficient affidavit was made and the writ was issued under the forms of law, and so it protects the officer in his acts; but it is also true that as a matter of fact there was no cause existing which authorized an attachment. The plaintiff's position is substantially this: He admits that he caused the property to be taken from the defendants when no fact existed which authorized such taking, but he says that, having taken the precaution to make a certain statement to the court that such cause did exist, he is now protected from the consequences of his own act, because the court acted on his untrue statement. Does not this come very near being a claim that he is protected by his own wrong? Is he not bound to know, when he sues out the attachment, whether the facts exist which authorize it, and does he not act at his peril? When the fact is established that no foundation for the attachment existed, does it not follow logically that the plaintiff was a wrongdoer from the beginning?

We have been unable to find authorities bearing directly on this question, although it seems certain that it must have arisen many times before; but analogous questions have been frequently passed upon. Thus it has been held that, if an execution be issued on a judgment which has been discharged by insolvency proceedings, trespass will lie against the party who caused its issuance, even though the execution be regular on its face and thus a protection to the officer, and this will be the case although the party had no notice of the discharge. The party is bound to know, at his peril, whether there was a judgment to warrant the execution. *Deyo v. Van Valkenburgh*, 5 Hill, 242; *Breck v. Blanchard*, 20 N. H. 323. It is difficult to see where the analogy fails between such a case and the one at bar. There is in each case a

valid writ protecting the officer.    There is also in each case
an apparent ground upon which to base the writ, but no
real ground.

Again, it is well settled that if the writ of attachment be
irregularly issued, though it is valid on its face and a pro-
tection to the officer, still it is (after being set aside) no pro-
tection to the party, who becomes a trespasser *ab initio.*
Drake, Attachm. (7th ed.), § 185*b*, and authorities cited.    In
such a case the writ fails to protect the party because of
some defect in the preliminary steps.    It never should have
been issued at all, because the proper steps were never taken
to authorize its issuance.    So, in the present case, the writ
never should have been issued at all, because the ground for
its issuance did not in fact exist.    If, for mere irregularities
in the issuance of the writ a party is held liable as a tres-
passer *ab initio,* for a stronger reason it would seem that
when a writ is issued without facts to warrant the remedy
the party who procures its issuance should be so liable.

This is not a case where a party has acted under an order
or judgment of the court which has afterwards been set
aside for error.    It has been held that a party is protected
in acting under such an order or judgment, because the
error is the error of the court, for which he cannot be held
responsible; whereas he is held liable when acting under an
irregular judgment, because he is responsible for the irreg-
ularities.    *Simpson v. Hornbeck,* 3 Lans. 54; *Williams v.
Smith,* 108 Eng. C. L. 596, 622, 625.    Applying that princi-
ple to this case, the attachment failed, not on account of any
error of the court in its issuance, but because the party
failed to prove the facts which he took the burden of estab-
lishing when he sued out the writ.    The responsibility
rested, not on the court, but, as in the case of an irregular-
ity, upon the party.    We feel compelled to hold, therefore,
that the plaintiff when he sued out his writ took the risk to
be able to substantiate the facts set forth in his affidavit.

and, failing so to do, became liable as a wrongdoer from the beginning.

The court should have entered judgment for the value of the attached property which was destroyed by fire while in the possession of the officer. As the facts have all been determined without error, there is no necessity for a new trial.

*By the Court.*— Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.