### JOHN GODWIN, JR. v. WALTER E. VINSON.

(Filed 3 May, 1961.)

**1. Attachment § 10—**

Where plaintiff in attachment fails to recover judgment, defendant may proceed against plaintiff's bond by motion in the cause, G.S. 1-440.45(c).

**2. Same—**

Where plaintiff's attachment is wrongful, defendant is entitled to recover on plaintiff's bond the actual damages sustained by him by reason of the attachment.

**3. Damages § 2—**

Actual damages means compensation for injury and losses which are the direct and proximate result of the wrong.

**4. Attachment § 10—**

Where it is determined that plaintiff's attachment of defendant's property was unlawful, plaintiff is a wrongdoer *ab initio*, and if such attachment results in defendant's loss of his equity of redemption in the chattel, defendant is entitled to recover as actual damages the cash value of his equity at the time and place of the seizure of the chattel, with lawful interest on such value from the time of the seizure to the time of the rendition of the judgment.

**5. Same:    Damages § 15—**

Where, upon defendant's motion in the cause to assess damages resulting from wrongful attachment, defendant contends that his equity of redemption, which he lost by reason of such wrongful attachment, was in a certain sum, an instruction of the court that the jury might answer the issue of such damages in any amount from one dollar up to the amount claimed by defendant, must be held for prejudicial error, since it is the duty of the court to instruct the jury as to the rule for the admeasurement of damages upon the issue.

**6. Appeal and Error § 54—**

Where error in proceedings in the lower court relates solely to the issue of damages, the Supreme Court, in the exercise of its discretion, may award a partial new trial limited to the issue of damages.

RODMAN, J. concurs in result.

APPEAL by plaintiff from a judgment by *Preyer, J.,* September 1960 Term of ROWAN.

Motion in the original cause by defendant, by virtue of G.S. 1-440.45, to recover on bonds taken for his benefit therein, when defendant prevailed in the principal action, and the order of attachment of his automobile obtained by plaintiff was dissolved.

On 13 February 1959 plaintiff obtained a writ of attachment from the Superior Court of Rowan County directing the sheriff of the county to seize and safely keep defendant's new automobile. The writ of attachment was based upon plaintiff's affidavit alleging an indebtedness of defendant to him in the sum of $1,065.80, and alleging as grounds for attachment of the automobile that defendant was a nonresident, or a resident of the state, who, with intent to defraud his creditors or to avoid service of summons, has departed or is about to depart from the state or keeps himself concealed therein, or is a person who, with intent to defraud his creditors, has removed or is about to remove property from the state. Plaintiff gave an undertaking with surety in the amount of $4,000.00 binding themselves, if the attachment was dissolved or dismissed to pay defendant all costs that may be awarded to defendant in the same and all damages defendant may sustain by reason of such attachment. On 13 February 1959 the sheriff, pursuant to the writ of attachment seized and stored de-

fendant's automobile. It seems plaintiff's complaint was filed on 21 February 1959, though summons was issued on 9 February 1959, and served on defendant on 13 February 1959.

On 3 March 1959 defendant made a motion before the clerk of Rowan Superior Court, pursuant to G.S. 1-440.36, to dissolve the attachment on the ground that none of the allegations in plaintiff's affidavit to obtain the writ of attachment was true. On the same day the clerk heard the motion, and entered an order finding the facts in detail, and dissolving the writ of attachment, and ordering the sheriff to release defendant's automobile. From this order plaintiff appealed to the Superior Court in term.

The appeal was heard by Phillips, J., at the March Term 1959 of Rowan County, who entered a judgment as follows: "IT IS OR-DERED, ADJUDGED AND DECREED that this action be dismissed in that it was not brought by the Real Parties in Interest; that the Writ of Attachment issued herein was unlawful and is hereby dissolved; that the property heretofore attached by the Sheriff of Rowan County, under authority of said writ, be released to the defendant; and that the plaintiff be taxed with the costs of this action by the Clerk." On the day the judgment was entered the automobile was released to defendant. On the following day, 24 March 1959, plaintiff appealed from the judgment of Phillips, J., to the Supreme Court, caused the sheriff to retake the automobile, and gave an additional undertaking with a corporate surety in the sum of $2,000.00, binding themselves to defendant in the same manner as in the first undertaking, if the judgment of Phillips, J., was affirmed on appeal.

On 24 April 1959 the Wachovia Bank and Trust Company filed an intervening petition asserting its lien upon the automobile under a chattel mortgage executed by defendant, and asking for delivery of the automobile to it. The clerk of the Superior Court of Rowan County entered an order directing the sheriff to deliver the automobile to the bank free and clear of any lien of attachment.

The appeal from the judgment of Phillips, J., was affirmed in the Supreme Court on 25 November 1959. 251 N.C. 326, 111 S.E. 2d 180. Upon certification of the Supreme Court's opinion to the Superior Court, Crissman, J., on 29 February 1960, on motion of defendant's counsel, entered judgment affirming the prior judgment dismissing the action.

Defendant on 21 March 1960 filed a motion in the cause to recover on the bonds taken for his benefit therein, alleging that he was entitled to recover for the loss of the use of his automobile, and for the loss of his equity therein. Plaintiff filed no answer to the motion.

Defendant's evidence tends to show the following: He is a travel-

GODWIN *v.* VINSON.

ling salesman, who has lived in Salisbury 3½ years. He has no kins-
men or real estate in Rowan County. It was stipulated by the parties
that by the terms of G.S. 1-440.39 the amount of bond required for
discharging the attachment was $2,131.60. Because of his meager
means he could not give security to obtain a bond or put up cash to
repossess his automobile. He called his employer, employed a lawyer,
and moved before the court to dismiss the writ of attachment. He then
testified in detail as to the court procedure that followed, which is
set forth above. He offered the evidence of four agents in the bonding
business to show that an applicant for a bond to discharge an attach-
ment must put up collateral. The fair rental value of his automobile
was $150.00 a month. He purchased this automobile new on 10 Novem-
ber 1958 for $3,854.97. The Wachovia Bank and Trust Company had
a chattel mortgage on it for $3,000.00. He had made two installment
payments on it of $83.53 a month, when the sheriff seized it. He talked
to the Wachovia Bank and Trust Company the last of April or the
first part of May 1959 after it had taken possession of his automobile.
It wanted him to take the automobile back, and to make the install-
ment payments which were three behind. He didn't have the money
to do so. He had made arrangements for another automobile, and
could not handle both accounts. The bank told him it would go against
his credit to have a public sale. To avoid this he released the auto-
mobile to the bank, which cleared his credit rating with the bank.
The bank sold the automobile privately, and did not lose any money
on its mortgage. As a result of the attachment of his automobile he
lost his equity in it.

Plaintiff offered no evidence.

The following issues, without objection, were submitted to the jury,
and answered as appears:

> "1. Did the defendant Vinson make a reasonable effort to
> give a bond to discharge the attachment of the station wagon?
> Answer: Yes.
>
> "2. What is Mr. Vinson entitled to for loss of the use of his
> station wagon from February 13, 1959, through April 24, 1959?
> Answer: $200.00.
>
> "3. Did Mr. Vinson do what he could in the exercise of reason-
> able care and diligence to avoid loss or lessen the consequences of
> the wrongful attachment of his station wagon when he released
> his equity in the station wagon to avoid foreclosure by Wachovia
> Bank & Trust Company?
> Answer: Yes.

"4. What is Mr. Vinson entitled to for the loss of his equity in his station wagon?
Answer: $800.00."

From a judgment in accord with the verdict, plaintiff appeals.

*Graham M. Carlton for plaintiff, appellant.*
*George L. Burke, Jr., for defendant, appellee.*

PARKER, J. The procedure of defendant by motion in the cause to recover on the bonds taken for his benefit therein is authorized by the express language of G.S. 1-440.45(c). *Brown v. Estates Corp.,* 239 N.C. 595, 80 S.E. 2d 645.

On the second issue submitted to the jury, the trial court restricted any recovery for the loss of the use of his automobile by defendant to the time when it was in possession of the sheriff by virtue of the writ of attachment caused to be issued by plaintiff up to the time the Wachovia Bank and Trust Company received possession of it.

A careful examination of the assignments of error in respect to the trial as to the first, second and third issues fails to show prejudicial error in respect to the trial as to the first three issues. However, prejudicial error is shown by the assignment of error as to the charge on the fourth issue, which is as follows: "Now the last issue which the court will submit is: 4. What is Mr. Vinson entitled to for the loss of his equity to his station wagon? Answer. . . . Now, as the court instructed you, he contends he is entitled to $1,637.00, and Mr. Godwin contends he is entitled to nothing. Now, if you answer the third issue No, and find Mr. Vinson did not do what a man in the exercise of reasonable care and diligence would have done to protect his equity, then you would not answer the fourth issue, it would not have been Mr. Godwin's fault that he lost the equity if he did not act like a reasonable man about it, but if you answer that third issue, Yes, then you would award on the fourth issue any amount from one dollar to $1,637.00 that you find by the greater weight of the evidence Mr. Vinson would be entitled to for the loss of his equity." The court gave the jury on the fourth issue no rule as to the measure of damages, so that the jury could arrive at a correct verdict.

Plaintiff's two bonds for attachment of defendant's automobile conform to the provisions of G.S. 1-440.10, the relevant part of which reads: "(2) The condition of the bond shall be that a. If the order of attachment is dissolved, dismissed or set aside by the court, or b. If the plaintiff fails to obtain judgment against the defendant, the plaintiff will pay all costs that may be awarded to the defendant and all damages that the defendant may sustain by reason of the attach-

ment, the surety's liability, however, to be limited to the amount of the bond."

When the attachment defendant proceeded on the bonds in the principal case here, he "is entitled to recover the actual damages sustained by him by reason of the levy of the order of attachment on his property. Citing authority. The liability of the surety, however, is limited to the amount of the attachment bond. Citing authority." *Brown v. Esates Corp., supra.*

Actual damages means "compensation for injuries and losses which are the direct and proximate result of the wrongful suing out of the writ and the seizure and detention of his property thereunder. Actual loss or injury must have been sustained or no compensatory damages are recoverable." 7 C.J.S., Attachment, § 556, p. 680. To the same effect: 5 Am. Jur., Attachment and Garnishment, § 1005; Sutherland on Damages, 4th Ed., Vol. II, § 512, p. 1689.

It has been judicially determined in the principal action that the attachment of defendant's automobile was unlawful, therefore, plaintiff is a wrongdoer *ab initio. Stanley v. Carey,* 89 Wis. 410, 62 N.W. 188; Sutherland on Damages, 4th Ed., Vol. II, § 512, p. 1691. Therefore, if attachment defendant had any equity in his automobile at the time of its seizure by virtue of the writ of attachment procured by plaintiff, which he lost as a direct and proximate result of the wrongful suing out of the writ of attachment by plaintiff and the seizure and detention of his automobile thereunder, he is entitled to recover as actual damages the fair cash value of the equity in his automobile at the time and place of its seizure by the sheriff by virtue of the wrongful writ of attachment, with lawful interest on such value from the time of the seizure to the time of the rendition of the judgment. 7 C.J.S., Attachment, § 559, pp. 681-2; 5 Am. Jur., Attachment and Garnishment, § 1005, p. 205; Sutherland on Damages, Vol. II, 4th Ed., p. 1691.

Plaintiff was entitled to have the trial judge instruct the jury on the fourth issue on the measure of damages as set forth in this opinion.

The statement of *Walker, J.,* for the Court in *Lumber Co. v. Branch,* 158 N.C. 251, 73 S.E. 164, has been quoted many times with approval: "It is settled beyond controversy that it is entirely discretionary with the Court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication."

This case comes within the rule stated by *Justice Walker* as to when a partial new trial will be ordered. We perceive no good reason

why attachment defendant should again be put to trial on the first, second and third issues. In awarding a partial new trial upon the fourth issue alone, we find precedents in our following decisions: *Lieb v. Mayer,* 244 N.C. 613, 94 S.E. 2d 658; *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585; *Journigan v. Ice Co.,* 233 N.C. 180, 63 S.E. 2d 183; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366; *Jackson v. Parks,* 220 N.C. 680, 18 S.E. 2d 138; *Messick v. Hickory,* 211 N.C. 531, 191 S.E. 43; *Gossett v. Metropolitan Life Ins. Co.,* 208 N.C. 152, 179 S.E. 438; *Johnson v. R. R.,* 163 N.C. 431, 79 S.E. 690, Ann. Cas. 1915 B 598; *Rushing v. R. R.,* 149 N.C. 158, 62 S.E. 890.

In the trial of the first three issues we find no error. A new trial is ordered in this case, limited, however to the fourth issue.

Partial new trial.

RODMAN, J., concurs in result.