WILLIAM G. CHAPPELL v. KENNETH WAYNE DEAN, N. K. DEAN, IN-
DIVIDUALLY, AND N. K. DEAN, EXECUTOR OF THE ESTATE OF WILL AUTRY,
AND JOSEPH W. CARROLL.

(Filed 11 January 1963.)

**1. Automobiles § 55—**

Evidence that the father had the possession and control of a and/or
owned the vehicle which he kept at his residence, that he permitted his minor son
who lived in the household, to drive the vehicle, and exercised control over
the occasions when and the manner in which the son operated the vehicle,
is sufficient to be submitted to the jury on the question of the father's

CHAPPELL *v.* DEAN.

liability under the family purpose doctrine, notwithstanding that the father was not the owner of the vehicle.

**2. Same—**

An instruction under the family purpose doctrine that the parent would be liable under the doctrine even if the parent actually forbade use of the truck by the son on the occasion in question, is prejudicial error, since there can be no liability under the doctrine in the absence of the parent's consent, express or implied.

**3. Same; Automobiles § 46; Trial § 33—**

An instruction on the family purpose doctrine that the principal would be liable for the acts of his agent within the real or apparent scope of the agent's employment, even if the principal had actually forbidden the use of the vehicle on the occasion in question, must be held for prejudicial error even though the court was speaking of the principle of *respondeat superior* in the abstract, since it is error for the court to charge upon an abstract principle of law not presented by the evidence.

**4. Appeal and Error § 40—**

Where the issues are inter-related so that the answer to one issue affects the answer to the other, a new trial must be awarded as to both issues for prejudicial error relating to one, even though appellant is not in a position to press his exceptions relating to the other.

**5. Automobiles § 54f—**

Proof of registration of a vehicle constitutes *prima facie* evidence of agency but raises no presumption and does not shift the burden of proof. G.S. 20-71.1.

**6. Appeal and Error §§ 42, 44—**

An erroneous instruction embodied in a party's prayer for instructions is invited error and cannot entitle such party to a new trial even though the party be represented by different counsel on the appeal.

**7. Automobiles § 54g—**

Where the registered owner is sought to be held liable solely under the provisions of G.S. 20-71.1, and all the evidence is to the effect that the operator of the vehicle was on a purely personal mission and not on business for the registered owner, it is the duty of the trial judge, even if there is evidence that the registered owner gave the operator permission to use the vehicle, to instruct the jury that if they believe all of the evidence to answer the issue of agency in the negative, even in the absence of a request for special instructions.

**8. Automobiles § 54h—**

The issue of liability under the doctrine of *respondeat superior* should be directed to the question of agency and not whether plaintiff was in-

curred while the vehicle was being operated by the executor's son. The executor was sought to be held liable individually under the family purpose doctrine and in his representative capacity. The evidence disclosed that at the time of the accident the son was on a single mission. *Held:* The executor could not be liable in both his representative and individual capacities, and the court should instruct the jury that they might answer both issues in the negative, or either one in the affirmative and the other in the negative.

APPEAL by defendants (except Joseph W. Carroll) from *Walker, S.J.,* April 9, 1962, Civil Term of WAKE.

Action to recover damages for personal injuries suffered by plaintiff in an accident allegedly caused by the actionable negligence of defendants in the operation of a motor vehicle.

About 7:30 P.M. on 11 January 1961 plaintiff was riding as a guest passenger in a pickup truck driven by defendant Kenneth Wayne Dean, age 17. They were proceeding southwardly along a rural unpaved road in Wake County, known as Penny Road. They were going to some rabbit boxes which had been set in an area about ten miles from their homes. As the pickup, at a speed of 35 to 40 miles per hour, rounded a curve bearing to the right, it came upon the automobile of Joseph W. Carroll which he had parked in the road without lights. Kenneth applied brakes and turned sharply to the left. The vehicle skidded into a ditch on the left side of the road and turned over. Plaintiff was injured.

At the close of plaintiff's evidence the motion of Joseph W. Carroll for nonsuit was sustained. There was no appeal from this ruling.

Issues were submitted to and answered by the jury as follows:

"Issue No. 1.   Was the plaintiff injured as a result of negligence on the part of the defendant, Kenneth Wayne Dean? Answer: Yes.

"Issue No. 2.   Was the plaintiff injured as a result of negligence on the part of N. K. Dean, individually? Answer: Yes.

"Issue No. 3.   Was the plaintiff injured as a result of negligence on the part of N. K. Dean, executor of the estate of Will Autry? Answer: Yes.

"Issue No. 4.   Did the plaintiff by his own negligence contribute to his injuries as alleged in the defendants' answer? Answer: No.

"Issue No. 5.   In what amount is the plaintiff entitled to recover on account of his injuries? Answer: $3,500.00"

The court entered judgment for plaintiff and against defendants, Kenneth Wayne Dean, N. K. Dean, individually, and N. K. Dean, Executor, jointly and severally, in the amount of $3500.00. Defendants assign errors.

*Howard F. Twiggs and Ellis Nassif for plaintiff.*
*Blanchard and Farmer for defendants.*

MOORE, J.   The pickup truck was registered in the name of Will Autry. Will Autry had died testate prior to 11 January 1961, date of the accident. In his will he bequeathed the pickup truck to N. K. Dean. N. K. Dean was the qualified and acting executor of Autry's estate at the time of the accident. The estate had not been settled. Kenneth Wayne Dean is the son of N. K. Dean and is a member of the latter's household.

Plaintiff alleges that at the time of the accident Kenneth was the agent of N. K. Dean, individually, under the family purpose doctrine, and was also agent and about the business of N. K. Dean, Executor.

N. K. Dean, individually, contends that there is not sufficient evidence to justify submission of the case to the jury under the family purpose doctrine and his motion for nonsuit should have been allowed. He also contends that the court erred in its instructions to the jury on the second issue.

There is evidence tending to show that the pickup truck was in the possession and under the control of N. K. Dean, he kept it at his residence, plaintiff had previously ridden in the truck while Kenneth was operating it on trips to the rabbit boxes, to drag strip races and for making collections on N. K. Dean's paper route. Kenneth had been seen driving it on many occasions, and on the night in question N. K. Dean, knowing that plaintiff and Kenneth were going to the rabbit boxes, "made a statement to him about not driving the truck fast, for some mechanical reason. . .," and "Mr. Dean did not tell Kenneth not to take the truck on this occasion." This evidence makes out a *prima facie* case of agency under the family purpose doctrine. *Tart v. Register,* 257 N.C. 161, 125 S.E. 2d 754; *Grindstaff v. Watts,* 254 N.C. 568, 119 S.E. 2d 784; *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427. Under the family purpose doctrine the vehicle must be subject to the control of the person on whom liability is sought to be imposed. "The test is not who owns the vehicle but control or the right to control. Since the ownership presumptively indicates the right of control, it is frequently stated as one of the elements necessary for the application of the doctrine. But one may in fact exercise control and direct the use of property without in fact being the owner." *Griffin v. Pancoast,* 257 N.C. 52, 55, 125 S.E. 2d 310.

In charging on the second issue with respect to the family purpose doctrine the court told the jury: "The family purpose doctrine is based on the relationship of what we call in law 'respondeat superior,' which means let the master respond. Of course, if the . . . master . . . authoriz-

ed or ratified the . . . alleged wrongful act, that is, the taking of the pick-up truck and the wreck, or participated in it himself, he would be liable for damages occasioned by it; but if he did not authorize it or did not ratify it he would still be liable if it was done within the real or apparent course or scope of his agent, servant or employee, and this being so, . . . even if he had actually been forbidden the use of the truck."

This instruction is erroneous and entitles N. K. Dean, individually, to a new trial. The family purpose doctrine is an extension of the principle of *respondeat superior,* and involves a novel application of the principle. *Grindstaff v. Watts, supra.* Permission and consent by the owner (or one having the control) is an essential element of the family purpose doctrine. Plaintiff must show by a preponderance of the evidence the consent, knowledge and approval of the owner. This may of course be shown by circumstantial evidence, that is, implied from circumstances, such as the habitual or customary use of the car by the member of the family. *Grier v. Woodside,* 200 N.C. 759, 158 S.E. 491. But if there is no permission and consent, and the use of the vehicle has been forbidden, the owner cannot be held liable under the doctrine. *Vaughn v. Booker,* 217 N.C. 479, 8 S.E. 2d 603.

If, as plaintiff suggests, the court was speaking of the principle of *respondeat superior* in the abstract, and did not intend to apply this instruction to the evidence in the case or to make it a rule for the jury's guidance in considering the family purpose doctrine, it is still prejudicial and is calculated to mislead the jury. It is error for the court to charge upon an abstract principle of law which is not presented by the evidence in the case. *Carswell v. Lackey,* 253 N.C. 387, 393, 117 S.E. 2d 51.

Since there must be a new trial on the second issue, it is our opinion, for reasons hereinafter stated, that there should also be a new trial on the third issue. Justice requires that the jury consider these issues, each in relation to the other.

The pickup truck was registered in the name of Will Autry, who had died prior to the accident. N. K. Dean, executor of Autry's will, had not assigned the title to himself, it having been willed to him. The estate had not been settled. Under the provisions of G.S. 20-71.1 proof of the registration of the vehicle in the name of Will Autry is *prima facie* evidence of the ownership of the vehicle by Will Autry's estate, and that it was being operated by a person for whose conduct Autry's estate was legally responsible, and that it was being operated for the estate's benefit and within the scope and course of the operator's employment or agency. *Travis v. Duckworth,* 237 N.C. 471, 473, 75 S.E. 2d 309.

The trial judge instructed the jury that proof of registration constitutes such *prima facie* evidence, and then stated: ". . . . (T)hat is a rebuttable presumption and . . . the defendant has the right and it is his duty to rebut this presumption, the burden being upon the defendant to rebut this presumption of law." The quoted portion of the instruction is, of course, erroneous. The statute creates no presumption of law, and it does not shift the burden of the issue from plaintiff to defendant. In fairness to the learned judge, we must explain that the error, oddly enough, was invited. Defendant in apt time and in writing requested this instruction. We hasten to add that distinguished counsel, who signed the brief and appeared for defendant in Supreme Court, did not represent defendant at the trial below. Even so, we ordinarily hold that a party is bound by his written prayer for instructions. *Carruthers v. R.R.*, 218 N.C. 377, 11 S.E. 2d 157. Since there must be a new trial, we call attention to the erroneous instruction to guard against a repetition when the case is retried.

"The statute (G.S. 20-71.1) was designated to create a rule of evidence. Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another. It does not have, and was not intended to have, any further force or effect." *Hartley v. Smith*, 239 N.C. 170, 177, 79 S.E. 2d 767. See also *Knight v. Associated Transport*, 255 N.C. 462, 122 S.E. 2d 64. The statute makes out a *prima facie* case of agency which will support, but does not compel, a verdict against defendant upon the principle of *respondeat superior. Elliott v. Killian*, 242 N.C. 471, 475, 87 S.E. 2d 903. The statute does not relieve plaintiff of the duty to allege and the burden of proving agency. *Osborne v. Gilreath*, 241 N.C. 685, 86 S.E. 2d 462.

There is no evidence in the record on appeal from which the jury might have found that N. K. Dean, Executor, was negligent apart from the negligence of Kenneth Wayne Dean. And, other than the rule of evidence established by G.S. 20-71.1, all the evidence in the case tends to show that the operator, Kenneth Wayne Dean, at the time of the accident was on a purely personal mission and not on or about any business of the Will Autry estate — unless we assume without proof, or even suggestion, that the Autry estate was in the business of trapping rabbits, an assumption we are unwilling to make on this record. In any case in which a plaintiff, as against the registered owner of a motor vehicle, relies solely upon G.S. 20-71.1 to prove the agency of nonowner operator, and in which all of the positive evidence in the case is to the effect that the operator was on a mission of his own and not on any business for the registered owner, it is the duty of the.

trial judge, even if there is evidence that the registered owner gave the operator permission to use the vehicle, to instruct the jury that, if they believe the evidence and find the facts to be as the evidence tends to show, that is, that the operator was on a mission of his own, they will answer the agency issue in the negative. And it is prejudicial error for the court, in such circumstances, to fail to so instruct the jury, even if there is no special request therefor. *Whiteside v. McCarson,* 250 N.C. 673, 679, 110 S.E. 2d 295. In the case at bar, an explanation of the rule of evidence presented by G.S. 20-71.1 is all that plaintiff was entitled to, on the third issue. But as to the defendant N. K. Dean, Executor, he was entitled to have the court instruct the jury that, if they believed the evidence and found the facts to be as the evidence tends to show, that is, that Kenneth Wayne Dean, either with or without the permission of N. K. Dean, Executor, operated the vehicle at the time in question on a mission of his own, to go to rabbit boxes, it would be their duty to answer the third issue "No." *Whiteside v. McCarson, supra; Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644; *Travis v. Duckworth, supra; Spencer v. Motor Co.,* 236 N.C. 239, 72 S.E. 2d 598. A master is not responsible for the tortious conduct of his servant when the servant is not acting in the course of his employment and is not at the time about the master's business. *Hinson v. Chemical Corp.,* 230 N.C. 476, 53 S.E. 2d 448.

Appellants do not bring forward or discuss in their brief any exceptions or assignments of error affecting the first, fourth and fifth issues, and the verdict and judgment with respect to these issues will not be disturbed. There will be a new trial only on the second and third (agency) issues. *Godwin v. Vinson,* 254 N.C. 582, 119 S.E. 2d 616.

We cannot now determine whether the pleadings and evidence at the retrial will be the same as on this record, and we are loathe to chart the course of future trials, but we think it not amiss to call attention to two matters which may be of some assistance to the trial judge in bringing about a final determination of the issues.

While no exact formula is prescribed for the settlement of issues (*Whiteside v. McCarson, supra*), we think the agency issues might be reformed so as to make their meaning clearer in relation to the pleadings and evidence. The second and third issues as they appear in the present record to negligence on the part of N. K. Dean, not to agency. The issues would more clearly present the crux of the case in respect to the liability, if any, of N. K. Dean (individually or as executor) if they inquired as to the alleged agencies — as to one, presenting the elements of the family purpose doctrine, and, as to the other, inquiring whether Kenneth Wayne Dean was agent and about the business of the Will Autry estate at the time of the accident.

Notwithstanding the applicability to the respective issues of the family purpose doctrine and the rule of evidence prescribed by G.S. 20-71.1, the evidence in this record definitely shows that Kenneth Wayne Dean was on a single mission at the time of the accident, and with respect thereto could not have been the agent of both N. K. Dean, individually, and N. K. Dean, Executor, if of either. The evidence does not justify a judgment against both. On the evidence presented, if the mission was a family purpose it could not have been the business of the estate, and if it was estate business it could not have been a family purpose. Conceivably a person might be on a single mission or on several missions at once for two or more principals, but this is not the case here. On the issues as framed, one only of the following verdicts is permissible: (1) negative answers to both issues, or (2) affirmative answer to the second and negative answer to the third, or (3) negative answer to the second and affirmative answer to the third. The court should have instructed the jury not to consider the third issue if the second was answered "Yes," and to consider and answer the third issue only in the event the second issue was answered "No."

Of course, in framing issues and instructing the jury at the retrial of the cause the court must be guided by the pleadings and evidence then presented.

There was no error in the trial of the first, fourth and fifth issues, but there will be a retrial of the agency issues. Therefore, we order a partial

New trial.