HOWARD J. DUCKWORTH, PLAINTIFF, v. JAMES P. METCALF AND WILLIAM L. COURTNEY, DEFENDANTS.

(Filed 19 October, 1966.)

1. Trial § 21—

On motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to him, and defendant's evidence tending to contradict or rebut plaintiff's evidence must be disregarded.

2. Automobiles § 41d—

Evidence tending to show that the driver of a car attempted to pass a preceding vehicle when the left side of the highway was not clearly visible and free of oncoming traffic for a sufficient distance to permit him to pass in safety, and that such violation of G.S. 20-150(a) was a proximate cause of the injury when the driver lost control of the vehicle in attempting to avoid a head on collision with a third vehicle approaching from the opposite direction, is sufficient to be submitted to the jury on the issue of the driver's negligence.

3. Automobiles § 54f—

Proof that the vehicle negligently operated by the driver was owned by and registered in the name of another makes out a *prima facie* case against the owner under G.S. 20-71.1 and requires the submission of the issue of *respondeat superior* to the jury, but such *prima facie* case does not compel a verdict against the owner on that issue.

4. Master and Servant § 32—

The employer is not liable for an injury due to the negligence of his employee when the employee has departed from the course of his employment and embarks on a mission or frolic of his own, and when there has been a total departure from the course of the employment, the employer is not liable even though, at the time, the employee has turned back from his private venture to the direction of the course of his employment.

**5. Automobiles § 44f— Uncontradicted evidence that driver was on personal mission entitles owner to peremptory instruction notwithstanding G.S. 20-71.1.**

The uncontradicted evidence tended to show that the owner of a vehicle entrusted the vehicle to another for the sole purpose of transporting a third person to a designated destination and returning the vehicle promptly to the owner, that the driver after taking the third person to his home, proceeded to drive the automobile here and there for his own personal enjoyment for some six hours beyond the time he had been directed to return the vehicle to the owner, and that the accident in suit occurred while the driver was returning from the unauthorized personal mission. *Held:* The owner was entitled to a peremptory instruction that if the jury found the facts as all the evidence tended to show, to answer the issue of *respondeat superior* in the negative.

APPEAL by the defendant Metcalf from *Froneberger, J.,* at the May 1966 Mixed Session of BURKE.

This is an action for personal injuries. The complaint alleges that the plaintiff was riding as a passenger in an automobile owned by and registered in the name of the defendant Metcalf, and driven by the defendant Courtney, who was acting in the course and scope of his employment as the servant of Metcalf and with his consent. It is alleged that the plaintiff's injuries were proximately caused by the negligent operation of this vehicle by Courtney in that he drove it at an excessive speed, without keeping a lookout, and, without reducing his speed, passed another vehicle when approaching a curve in the road, whereupon, being faced with an oncoming car, he increased his speed, cut back sharply and lost control of the automobile so that it ran off of the road and was wrecked.

The defendants filed a joint answer denying all material allegations of the complaint except that the automobile was owned by and registered in the name of Metcalf. As a further answer, they alleged contributory negligence.

The jury found that the plaintiff was injured by the negligence of both defendants and awarded damages in the amount of $12,500. No issue as to contributory negligence was submitted, there being insufficient evidence thereof. Judgment was entered upon the verdict.

In addition to evidence relating to the extent of his injuries, the plaintiff offered evidence tending to show:

The plaintiff was a passenger in the automobile driven by Courtney. The vehicle was owned by and registered in the name of Metcalf. Courtney attempted to pass another vehicle over the objection of the plaintiff, the reason for the objection being that one could not see whether any other vehicle was coming. As he started to pass, a third car, meeting him, came in view out of a dip in the road. Court-

ney turned back to his right quickly, lost control, and the car ran off the road, as a result of which it was wrecked and the plaintiff was injured.

The accident happened at approximately 4 p.m. When Courtney picked the plaintiff up about two hours before the accident, he told the plaintiff that he, Courtney, had borrowed the car. They drove over to a junk yard in Hickory, approximately 22 miles from Morganton. There, Courtney purchased a bumper guard for the Metcalf car but did not put it on the car. Up to the time of the accident he was driving all right.

Metcalf testified that he was the owner of the automobile. The last time he saw it, prior to the accident, it was at his home about 9 a.m., seven hours before the accident occurred. Courtney and one Denton Anderson were there, both having spent the night with Metcalf. Metcalf asked Courtney to drive the car to take Anderson to his home in Rutherfordton County, telling him to bring the car back within an hour. Courtney said he would come straight back. Metcalf then went on to his work. When he returned to his home at 2:30 p.m. and discovered that the car had not been brought back, he went to various places looking for it and reported it to the Chief of Police as having been temporarily stolen. He did not authorize Courtney to drive the car to Hickory and knew nothing about any purchase of a bumper guard. His car still had its bumper guards on it.

Courtney testified that Metcalf told him to take Anderson to his home and bring the car back in about an hour. Instead of doing so after taking Anderson home, he just kept on driving around for his own pleasure until approximately noon, when he went to his sister's home where he picked up the plaintiff and another man. From there he drove to Hickory where they drank some beer and started back to Morganton. As he started to pass the vehicle which was proceeding in the same direction, he "took a blackout spell" and then the wreck occurred. The plaintiff was injured in the wreck.

The appellant Metcalf assigns as error the denial of his motion for judgment of nonsuit and alleged errors in the charge of the court to the jury.

*Patton, Ervin & Starnes for defendant appellant.*
*Byrd, Byrd & Ervin for appellee.*

LAKE, J.  There was no error in the denial of the motion by Metcalf for a judgment of nonsuit. Upon such motion, the evidence offered by the plaintiff must be taken to be true and considered in

the light most favorable to him and evidence offered by the defendant tending to contradict or rebut the plaintiff's evidence must be disregarded. *Bennett v. Young,* 266 N.C. 164, 169, 145 S.E. 2d 853, and cases there cited. So interpreted, the plaintiff's evidence is sufficient to show that the proximate cause of the plaintiff's injuries was the act of Courtney in undertaking to pass another vehicle proceeding in the same direction when the left side of the highway was not clearly visible and free of oncoming traffic for a sufficient distance ahead to permit him to pass in safety. This, if true, showed a violation of G.S. 20-150(a) and such evidence was sufficient to require the submission to the jury of the issue of negligence by Courtney. *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292; *Funeral Service v. Coach Lines,* 248 N.C. 146, 102 S.E. 2d 816; *Cole v. Lumber Co.,* 230 N.C. 616, 55 S.E. 2d 86. Proof that the automobile was owned by and registered in the name of Metcalf, which is admitted in his answer and in his testimony, is *prima facie* evidence that it was being operated with his authority and knowledge at the time of the accident, and that Courtney was driving the vehicle within the course and scope of his employment by Metcalf. G.S. 20-71.1. The evidence of Metcalf to the contrary could not be considered upon his motion for judgment of nonsuit. Consequently, there was evidence which would support a verdict that the plaintiff was injured by the negligence of Metcalf and it was proper to submit that issue to the jury. *Johnson v. Thompson,* 250 N.C. 665, 110 S.E. 2d 306; *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309.

G.S. 20-71.1 does not, however, abrogate the well settled rule of law that mere ownership of an automobile does not impose liability upon the owner for injury to another by the negligent operation of the vehicle on the part of a driver, who was not, at the time of the injury, the employee or agent of the owner or who was not, at such time, acting in the course of his employment or agency. The burden of proof continues to rest upon the plaintiff to prove such agency relationship between the driver and the owner at the time of the driver's negligence which caused the injury. The statute merely creates a rule of evidence. Proof of ownership of the automobile by one not the driver makes out a *prima facie* case of agency of the driver for the owner at the time of the driver's negligent act or omission, but it does not compel a verdict against the owner upon the principle of *respondeat superior. Chappell v. Dean,* 258 N.C. 412, 128 S.E. 2d 830; *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462.

It is elementary that a principal or employer is not liable for injury due to a negligent act or omission of his agent or employee

when such agent or employee has departed from the course of his employment and embarked upon a mission or frolic of his own. *Travis v. Duckworth, supra,* and cases there cited. It is, of course, not sufficient to take the servant out of the course of his employment, and thus to relieve the employer from responsibility for the negligent act or omission of the servant, that the servant at the time of such act or omission was violating an instruction or rule of the employer or principal. *West v. Woolworth Co.,* 215 N.C. 211, 1 S.E. 2d 546. The test is whether the employee or agent was, at the time of the negligent act or omission, about his master's business. If there has been a total departure from the course of the master's business, the employer or principal is not liable for the negligent act or omission of the employee during such departure from the employment relation. *Hinson v. Chemical Corp.,* 230 N.C. 476, 53 S.E. 2d 448.

The testimony of both Metcalf and Courtney is that Courtney was requested, *i.e.,* "employed," to drive Metcalf's automobile to the home of Anderson in Rutherford County for the sole purpose of transporting Anderson thereto and returning the automobile promptly to the home of Metcalf, and that Courtney, after taking Anderson to his home, proceeded to drive the automobile here and there for his own personal enjoyment for some six hours beyond the time when he had been directed to bring it back to Metcalf's residence. The plaintiff offered no testimony to the contrary. He relies solely upon the provision of the statute insofar as proof of the agency relationship between Courtney and Metcalf is concerned.

If it be assumed from the fact that, at the time of the accident, Courtney was headed back toward Morganton, and thus toward the residence of Metcalf, the mere turning back in the direction of the course of his employment does not return the employee to the master-servant relationship so as to impose liability upon the employer for the employee's act or omission. *Hinson v. Chemical Corp., supra; Parrott v. Kantor,* 216 N.C. 584, 6 S.E. 2d 40.

Thus, the undisputed evidence tends to show that at the time of the negligent driving by Courtney, which was the proximate cause of the injury to the plaintiff, Courtney had stepped aside from the course of his employment. Upon this evidence, Metcalf was entitled to have the court instruct the jury that if they believed the evidence and found the facts to be as all the evidence tended to show, that is, that Courtney was on a mission of his own, they should answer the issue as to whether the plaintiff was injured by the negligence of Metcalf "No." *Chappell v. Dean, supra; Whiteside v. Mc-Carson,* 250 N.C. 673, 110 S.E. 2d 295. The failure of the court be-

low to give such instruction, even without a request therefor, was prejudicial error as to Metcalf and for that reason there must be a new trial upon the second issue, which reads, "Was the plaintiff Howard J. Duckworth injured by the negligence of the defendant James P. Metcalf, as alleged in the complaint?" The appropriate instructions upon such new trial must, of course, depend upon the evidence introduced at that trial.

New trial.