W. S. CLARK AND SONS, INC., PLAINTIFF v. UNION NATIONAL BANK, DEFENDANT v. VERNON L. STRICKLAND, THIRD PARTY DEFENDANT

No. 869DC699

(Filed 17 March 1987)

**Uniform Commercial Code § 36— sale of fertilizer—endorsement and honoring of check—no damage to plaintiff**

 The trial court properly entered summary judgment for defendant bank in an action to recover the amount of a check which plaintiff contended was endorsed without authorization by third party defendant and was wrongfully honored by defendant bank, since the evidence revealed that, because of a setoff arrangement between plaintiff fertilizer manufacturer and its sales agent, plaintiff suffered no loss because of defendant bank's actions in regard to the check in question.

APPEAL by plaintiff from *Allen (Ben U.), Judge.* Judgment entered 26 February 1986 in District Court, GRANVILLE County. Heard in the Court of Appeals 19 November 1986.

W. S. Clark and Sons, Inc., plaintiff, manufactures and sells fertilizer and other agricultural products. During 1983 and 1984, it marketed its products in Granville County through Granville Supply Company, a commission sales agent. Plaintiff widely advertised that Granville Supply was its sales agent for Granville County.

In 1984 Granville Supply sold plaintiff's products to Donnie Ray Cox. Cox delivered a check to Vernon L. Strickland, one of Granville Supply's general partners, for $9,579.61. The check was made payable to "Clark & Sons, Inc." and was drawn on the defendant, Union National Bank. The check represented payment in

full of Cox's 1984 fertilizer account and repayment of a personal loan Cox owed to Strickland.

Under a commission sales agreement between plaintiff and Granville Supply, Granville Supply had authority to receive payments due plaintiff, but such payments were to be remitted to the plaintiff on the day received. However, since the check included funds owed to Strickland personally, he endorsed the back of the check "Clark & Sons, Inc." and deposited it in defendant bank to the account of Granville Supply. Defendant bank honored the endorsement of plaintiff made by Strickland and paid the face amount of the check.

By July 1984, plaintiff owed Granville Supply more than $23,000.00 in commissions for that year's sales.

On 31 July 1984, Strickland wrote plaintiff and requested that plaintiff apply the $23,488.03 owed Granville Supply to five named accounts. One of the accounts listed was the Donnie Ray Cox account. Plaintiff agreed to the setoff arrangement and accordingly applied the commission owed Granville Supply to the five accounts. The Donnie Ray Cox account was credited with $9,377.80 from Granville Supply's commissions. This credit resulted in a complete satisfaction of the Cox account.

Plaintiff filed suit contending that Strickland's endorsement was unauthorized and that defendant bank wrongfully honored it. Plaintiff sought to recover the amount of the Cox check from defendant bank who joined Strickland as a third party defendant.

At trial defendant moved for summary judgment. From the order granting that motion, plaintiff appeals.

*Aycock, Harper & Simmons, by Edward B. Simmons, attorney for plaintiff appellant.*

*Royster, Royster & Cross, by T. S. Royster, Jr., attorney for defendant appellee.*

*No brief for third party defendant.*

ORR, Judge.

Plaintiff contends that the trial court erred in granting the defendant's motion for summary judgment. We disagree.

On a motion for summary judgment "[t]he movant must show (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law." *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E. 2d 379, 381 (1975). "The rule is designed to . . . allow summary disposition for either party when a fatal weakness in the claim or defense is exposed." *Id.* When ruling on a motion for summary judgment, "the court must look at the record in the light most favorable to the party opposing the motion." *Peterson v. Winn-Dixie*, 14 N.C. App. 29, 31, 187 S.E. 2d 487, 488 (1972).

Defendant bank has shown that no genuine issue of material fact exists to be decided. The record, even when viewed in the light most favorable to plaintiff, reveals that plaintiff suffered no loss because of defendant bank's actions in regard to the check in question. Therefore, as a matter of law, plaintiff can recover nothing from defendant bank. In *Godwin v. Vinson*, 254 N.C. 582, 119 S.E. 2d 616 (1961), the Supreme Court of North Carolina held that "[a]ctual loss or injury must have been sustained or no compensatory damages are recoverable." 254 N.C. at 587, 119 S.E. 2d at 620.

The facts clearly show that plaintiff owed Granville Supply over $23,000.00 in commissions. Rather than pay these commissions outright, plaintiff entered into a setoff agreement with Granville Supply. Under the agreement the commissions owed Granville Supply were offset by certain accounts Granville Supply owed to plaintiff. One of these was the Cox account. When plaintiff offset the Cox account against commissions owed Granville Supply, that account was satisfied in full and the underlying obligation represented by the Cox check no longer existed.

The setoff arrangement between plaintiff and Granville Supply had the same effect as if the Cox check had been paid directly to plaintiff. If the check had been paid to plaintiff, plaintiff still would have owed Granville Supply over $23,000.00 in commissions. Instead, plaintiff offset commissions due Granville Supply by the amount of the Cox account, $9,377.80. This reduced the debt owed to Granville Supply by that amount. The net effect of the two transactions is the same.

We hold that plaintiff suffered no damages as a result of the Cox check. Therefore, the issues of whether Strickland's endorse-

ment was unauthorized and whether defendant bank wrongfully honored it, need not be addressed.

Plaintiff, having suffered no loss arising out of the Cox check, cannot recover anything from defendant bank. Since there is no genuine issue as to whether plaintiff suffered any damage, we hold that the motion for summary judgment was properly granted.

Affirmed.

Judges WELLS and BECTON concur.