GILBERT HUGH MOORE, SR. v. ASSOCIATED BROKERS, INC.

No. 7018DC462

(Filed 16 September 1970)

**1. Appeal and Error § 26— exception to signing of judgment — review**

An exception to the entry and signing of the judgment presents only the question whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form.

**2. Master and Servant § 9— employment contract — dispute over provisions for bonus or incentive pay — findings of fact**

In an action arising out of a dispute over the terms of an employment contract, the plaintiff contending that he was to be paid a bonus or incentive pay equal to 15% of his annual salary and the defendant contending that the contract made no provision for bonus or incentive pay, the trial court's findings of fact *are held* sufficient to support its conclusion of law that the plaintiff was not entitled to any bonus or incentive pay.

APPEAL by plaintiff from *Kuykendall, District Judge,* 6 April 1970 Civil Session, GUILFORD District Court.

This was a civil action to recover $750 on a contract of employment. The plaintiff claimed incentive pay allegedly due him for the period from 1 October 1968 through 31 January 1969. The defendant filed answer denying that he was indebted to the plaintiff under the terms of the contract. The case was tried without a jury, and after making findings of fact, the court entered judgment in favor of the defendant. To the entry and signing of the judgment, the plaintiff excepted and appealed to this Court.

*Parker and Mazzoli, by Gerald C. Parker, for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Richard W. Ellis, for the defendant appellee.*

HEDRICK, J.

[1] The only exception in the record was to the entry and signing of the judgment. Therefore, our inquiry is limited to ". . . the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is reg-

ular in form." *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968). .

The court made the following findings of fact:

"(1)   The plaintiff was employed by the defendant as its Retail Sales Manager for North Carolina from May 1, 1967 until January 31, 1969.

"(2)   Prior to the time of plaintiff's employment by defendant, he conferred in person with officers and directors of the defendant, at which time various aspects of his employment and benefits were discussed. Among other things, it was specifically explained to the plaintiff that he would not become eligible to participate in the Profit Sharing Plan of the defendant until plaintiff had been employed by the defendant for a period of three years. It was further explained to the plaintiff that he might be paid a bonus, in addition to his regular salary, such bonus to be paid on the basis of merit and in the sole discretion of the Board of Directors of the defendant.

"(3)   Subsequent to the conference referred to above, the defendant, by letter dated April 10, 1967, offered plaintiff employment, the terms of which employment included in pertinent part:

"  '1.   Salary: $15,000 per year

"  '2.   Profit Sharing Plan: 15% of annual salary (Based on availability of profits).'

"The offer of employment made no mention of any bonus payment.

"(4)   By letter dated April 19, 1967, the plaintiff accepted the offer of employment.

"(5)   At the time plaintiff received defendant's offer of employment and accepted same, plaintiff knew that he was not eligible to participate in defendant's Profit Sharing Plan until he had been employed for three years by the defendant.

"(6)   The plaintiff knew the difference between a Profit Sharing Plan and a bonus.

"(7)   The plaintiff was paid a bonus, which bonus was

awarded in the discretion of the Directors of the defendant, of 15% of salary for the period May 1, 1967 through September 30, 1968. Thereafter, no bonus was paid to plaintiff for the period October 1, 1968 through January 31, 1969, the date on which plaintiff's employment with defendant terminated."

[2]   The existence of an employment contract between the parties was admitted. The controversy between the parties was as to the terms of the said contract. The plaintiff contends that the contract provided that he would be paid a bonus or incentive pay equal to 15% of his annual salary. The defendant contends that the contract made no provision for the payment of a bonus or incentive pay. This controversy and the terms of the contract were resolved by the court in its findings of fact in favor of the defendant. The findings of fact support the conclusion of law that the plaintiff is not entitled to any bonus or incentive pay under the terms of the employment contract.

The judgment appealed from is affirmed.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.