IN THE MATTER OF: CARLETTE HENNIE BORN: AUGUST 20, 1971

No. 7421DC398

(Filed 7 August 1974)

1. **Appeal and Error § 24— assignments of error not supported by objections or exceptions**

    Purported assignments of error not supported by objections or exceptions will not be considered by the appellate court. Court of Appeals Rules 19 and 28.

2. **Parent and Child § 1— termination of parental rights**

    The evidence supported the court's order terminating parental rights of the mother on the ground of physical abuse of the child.

APPEAL by respondent from *Alexander, Judge,* 9 November 1973 Session of FORSYTH County District Court.

Jennie Lee Hennie, the respondent in this matter, is an unmarried female in the tenth grade at Carver School in Forsyth County. Carlette Hennie is her second illegitimate child. A summons and petition were served on 19 May 1973, upon the respondent alleging certain conditions concerning the child. The petition alleged that on 15 December 1971, the Forsyth County Department of Social Services received a complaint from Reynolds Hospital that Carlette had been in the clinic with a fractured arm, and the doctor felt it was difficult for the fracture to have occurred the way the mother described it. On 24 March 1972, the Forsyth County Department of Social Services received a referral from the Baptist Hospital stating that Carlette had been examined and was suffering from second or third degree burns and a fractured skull. The attending physician felt that the story from the respondent regarding the accident could not have been true. On 20 April 1972, Carlette was found to be a neglected child and an abused child, and the custody was taken from the mother and placed with Forsyth County Department of Social Services.

On 24 March 1972, an immediate custody order had been signed removing the child from the home and temporarily placing her custody in the Forsyth County Department of Social Services. On 30 October 1973, a hearing was conducted at which evidence was presented to the court to assist the court in determining whether permanent custody should be placed in the Department of Social Services and parental rights of the respondent should be terminated. Medical testimony was presented

---

State v. Wilkins

---

that the child had no emotion for the mother and that the mother never expressed deep concern for the child. The previous order had found that the respondent decided to keep the child only when she learned that she would receive more public assistance with two children instead of one.

The court concluded that the child had been so physically abused that it would be in the best interest of the child not to be returned to the parent. All parental rights were terminated, and full custody of the child was placed with the Forsyth County Department of Social Services. The respondent gave notice of appeal.

*Chester C. Davis for petitioner-appellee.*

*Kennedy and Kennedy by Annie Brown Kennedy for respondent-appellant.*

CARSON, Judge.

[1, 2] No objections or exceptions were entered by the respondent during the hearing. The purported assignments of error are not proper and ought not be considered by this court. Rules 19 and 28, Rules of Practice in the Court of Appeals of North Carolina. The exception to the signing of the judgment is the only exception properly presented. *Moore v. Brokers, Inc.,* 9 N.C. App. 436, 176 S.E. 2d 355 (1970) ; *Highway Comm. v. Rankin,* 2 N.C. App. 452, 163 S.E. 2d 302 (1968). It appears from an examination of the record that there was an abundance of facts to support the order of the court.

No error.

Judges BRITT and HEDRICK concur.