LAWRENCE NORMAN AND HOWARD NORMAN, T/A NORMAN'S MARKET; AND BETTY N. WESTMORELAND v. ROYAL CROWN BOTTLING COMPANY, INC., AND WILLIE LEE FOWLER

No. 8026DC500

(Filed 2 December 1980)

**Automobiles § 105.1— employee driving delivery truck — liability of employer for damage — directed verdict for employer improper**

In an action to recover for damages to plaintiffs' store building and car where the evidence tended to show that defendant's employee was driving defendant's delivery truck and making deliveries to plaintiffs' store and that the truck hit one plaintiff's car and pushed it into the side of plaintiffs' store, the trial court erred in directing verdict for defendant employer, since plaintiffs conclusively showed defendant employer's ownership of the truck, and G.S. 20-71.1 essentially provides that proof of ownership of a motor vehicle by one not the driver makes out a prima facie case of agency of the driver for the owner at the time of the driver's negligent act or omission.

APPEAL by plaintiffs from *Brown, Judge.* Judgment entered 14 January 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 13 November 1980.

Plaintiffs Lawrence and Howard Norman, trading as Norman's Market, filed a complaint seeking recovery for damage to their store building. They alleged that the defendant Fowler was an employee and agent of Defendant Royal Crown Bottling Company,

Inc. (Royal Crown). While acting within the scope of that employment and with the consent and permission of his employer, Fowler negligently drove Royal Crown's delivery truck into the side of Norman's building. Plaintiffs sought damages in the amount of $600, later amended to $1,000, plus reasonable attorney's fees pursuant to G.S. 6-21.

Defendant Royal Crown answered, admitted ownership of the truck and that on the day in question, the truck was in the process of delivering beverages to Norman's Market, but denied liability. Royal Crown cross-claimed against Fowler for indemnity. Fowler did not answer or otherwise plead. Betty Westmoreland was allowed to intervene as a party plaintiff. In her complaint, she alleged that Fowler, while driving Royal Crown's truck, negligently struck and damaged her car which was parked at Norman's Market. Westmoreland sought damages of $900, later amended to $1,000. Royal Crown answered her complaint, admitted ownership of the truck and that it was in the process of delivery of beverages to Norman's Market on the day in question, but denied liability. Fowler did not answer or otherwise plead to the complaint. Royal Crown cross-claimed against Fowler, seeking indemnity.

The action was tried before a jury. At the close of the plaintiffs' evidence, the trial court granted Royal Crown's motions for a directed verdict as to each plaintiff. The trial court granted both plaintiffs' motions for a directed verdict against Fowler and entered judgment against him for damages in the amounts of $1,000 to Lawrence and Howard Norman and $1,000 to Betty Westmoreland, and attorney's fees in the amount of $1,200. Plaintiffs have appealed from the trial court's granting of Royal Crown's motions for a directed verdict.

*Myers, Ray & Myers, by R. Lee Myers, for plaintiff appellants.*

*Golding, Crews, Meekins, Gordon & Gray, by Robert L. Burchette, for defendant appellee.*

WELLS, Judge.

On a motion for directed verdict at the close of the plaintiff's evidence in a jury case, the evidence must be taken as true and considered in the light most favorable to plaintiff. The motion may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. All the evidence which tends to

Norman v. Bottling Co.

support plaintiff's claim must be taken as true and viewed in the light most favorable to it, giving it the benefit of every reasonable inference which may legitimately be drawn therefrom. *Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 277, 264 S.E. 2d 774, 775, *disc. rev. denied*, 300 N.C. 556, 270 S.E. 2d 105 (1980).

In the case *sub judice*, plaintiffs' evidence was substantially as follows. In its answer, Royal Crown admitted ownership of the truck and that it was in the process of making a delivery to Norman's Market. In plaintiffs' request for admissions, Royal Crown admitted that defendant Fowler was its employee on the day in question and that it was the registered owner of the truck. Lawrence Norman testified that on the day in question, Mr. West and Mr. Fowler delivered RC cola drinks to Norman's Market. Both men went to the truck to get the order up and both men came back with hand trucks. West started putting the drinks in the racks. Fowler went ouside to get more drinks. Someone came in the store and told Norman to come outside. When he went outside, he observed that his sister's (plaintiff Westmoreland) car had been rammed in the back and pushed into the side of his building. The truck was pulled away from the car. The rear end of it was torn up and the car was sitting almost in the building. He saw Fowler standing in the area. He asked Fowler what he had done to the car and the building. Fowler responded that he did not think he had done any damage to the place, that his bumper got hung up, but he did not think he had damaged the car. Norman testified as to damage to the wall of the building and to a cooler inside the building. Plaintiff Westmoreland testified that on the day in question she was working at the market when West and Fowler made the delivery. As a result of someone's statement to her, she went outside and saw her car crushed into the building. She saw Fowler. Fowler later came by the check-out counter and said to her "I'm sorry I hit your car." She testified as to damage to her car.

This evidence, viewed in the light most favorable to plaintiffs, tends to negate any inferences of vehicular failure. The truck was in use for deliveries and was driven to Norman's Market. Fowler was engaged in normal physical activity before and after the event, hence, any inference of seizure or fainting on his part is negated. Fowler admitted striking Westmoreland's car. It was a clear day and the collision occurred in a parking lot. Such evidence of a driver of a motor vehicle striking stationary objects with the vehicle under

such circumstances establishes the more reasonable probability that the collision was caused by the negligence of the driver. *See Greene v. Nichols*, 274 N.C. 18, 161 S.E. 2d 521 (1968).

We hold that plaintiffs' evidence established *prima facie* the negligence of Fowler, proximately causing plaintiffs' damage. It is evidence upon which the jury could, but need not, infer that Fowler negligently operated the truck and that such negligence was the proximate cause of plaintiffs' injury and damage.

On the issue of agency, plaintiffs conclusively showed Royal Crown's ownership of the truck. As was explained by this court in *Scallon v. Hooper*, 49 N.C. App. 113, 270 S.E. 2d 496 (1980), G.S. 20-71.1[1] essentially provides that proof of ownership of a motor vehicle by one not the driver makes out a *prima facie* case of agency of the driver for the owner at the time of the driver's negligent act or omission. Plaintiffs' evidence in the case *sub judice* was clearly sufficient to take the case to the jury on agency.

Plaintiffs are entitled to a new trial. We note, however, that the judgments entered against Fowler are *res judicata* to the extent that those judgments establish the maximum amounts which plaintiffs may recover against Royal Crown on re-trial. *Pinnix v. Griffin*, 221 N.C. 348, 350-51, 20 S.E. 2d 366 (1942).

New trial.

Judges VAUGHN and MARTIN (Robert) concur.

---

[1] §20-71.1 Registration evidence of ownership; ownership evidence of defendant's responsibility for conduct of operation. — (a) In all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be prima facie evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose.

(b) Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment.