LAWRENCE NORMAN AND HOWARD NORMAN, T/A NORMAN'S MARKET, PLAINTIFFS v. ROYAL CROWN BOTTLING COMPANY, INC., AND WILLIE LEE FOWLER, DEFENDANTS, AND BETTY N. WESTMORELAND, INTERVENOR v. ROYAL CROWN BOTTLING COMPANY, INC., AND WILLIE LEE FOWLER, DEFENDANTS

No. 8226DC687

(Filed 20 September 1983)

### 1. Appeal and Error § 26— exception to the judgment

An exception to the judgment raises only two questions of law: (1) whether the facts found support the conclusions of law and the judgment, and (2) whether error appears on the face of the record.

### 2. Master and Servant § 35.1— liability for damage caused by employee

The trial court's findings, including findings that defendant's truck damaged the property of each of the plaintiffs in the amount of $1,000.00, and that when it did so it was being operated by defendant's employee, acting within the course and scope of his employment, were sufficient to support the trial court's judgment for $1,000.00 in favor of each plaintiff against defendant.

APPEAL by defendant Royal Crown Bottling Company, Inc. from *Bennett, Judge.* Judgment entered 2 February 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 11 May 1983.

While on plaintiffs' premises for the purpose of delivering a supply of beverages to plaintiffs' market, the truck of defendant bottling company, operated by its employee, the co-defendant Willie Lee Fowler, ran into the car of plaintiff intervenor and knocked it into the market building. Plaintiffs sued defendants for the $600 in damage allegedly done to their building, later amended to $1,500, and the car owner intervened for the $900 damage allegedly done to her car, later amended to $1,000.

The case has been tried and appealed twice. In the first trial, before a jury, the trial judge directed a verdict in favor of the defendant Royal Crown at the close of the plaintiffs' evidence, but also directed a verdict in favor of each plaintiff for $1,000 against the co-defendant Fowler, who neither filed answer nor appeared at the trial. Upon plaintiffs' appealing to this Court, it was ruled that the evidence raised issues of the bottling company's liability to both plaintiffs, and a new trial was ordered. *Norman v. Royal Crown Bottling Company, Inc.*, 49 N.C. App. 661, 272 S.E. 2d 355

(1980). The second trial, to the judge this time, by stipulation, resulted in judgment for $1,000 being rendered in favor of each plaintiff against the bottling company and in attorneys' fees in the amount of $3,824 being taxed against the defendants as part of the costs.

*Myers, Ray and Myers, by R. Lee Myers, for plaintiff appellees.*

*Golding, Crews, Meekins, Gordon & Gray, by Robert L. Burchette, for defendant appellant Royal Crown Bottling Company, Inc.*

PHILLIPS, Judge.

[1] The sole exception brought forward and argued in defendant's brief is as follows:

> The defendant Royal Crown Bottling Company, Inc., assigns as error:

> 1. The Court entering judgment in favor of the plaintiffs against the defendant Royal Crown Bottling Company, Inc., pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, which is PLAINTIFFS' EXCEPTION NO. 1 (No. 1) (R pp 44-50).

Despite the irrelevant reference to Rule 41, this is no more than an exception to the judgment. As such it raises only two questions of law: (1) whether the facts found support the conclusions of law and the judgment, and (2) whether error appears on the face of the record. *Moore v. Associated Brokers, Inc.*, 9 N.C. App. 436, 176 S.E. 2d 355 (1970); 1 Strong's N.C. Index 3d *Appeal and Error* § 26 (1976). It does not question the sufficiency of the evidence to support the findings of fact or the verdict. *Russell v. Taylor*, 37 N.C. App. 520, 246 S.E. 2d 569 (1978); *Lea v. Bridgeman*, 228 N.C. 565, 46 S.E. 2d 555 (1948).

[2] The findings of fact show that defendant's truck damaged the property of each of the plaintiffs in the amount of $1,000, and that when it did so it was being operated by its employee, acting within the course and scope of his employment. These findings and others amply support the verdict, and no error appears on the face of the record.

In making his exception, defendant may have intended to call in question the sufficiency of the evidence to support the judgment. But it makes no difference, since that question was answered by the previous appeal, when the Court ruled that plaintiffs' evidence raised a jury question. *Norman v. Royal Crown Bottling Company, Inc.*, 49 N.C. App. 661, 664, 272 S.E. 2d 355, 357 (1980).

No error.

Judges HILL and JOHNSON concur.